WALTER MADISON *v.* THE STATE.

*(Knoxville.* September Term, 1931.

Opinion filed October 10, 1931.

KRAMER & KRAMER for plaintiff in error.

NAT TIPTON, ASSISTANT ATTORNEY-GENERAL, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The proceedings herein were instituted against the plaintiff in error under chapter 120 of the Acts of 1915 and he was directed to pay $8.00 per month into the hands of his former wife for the support of a minor child born to them during the existence of their marriage. In pursuance of the provisions of the statute plaintiff in error was ordered to pay or secure this award and the costs of the cause, in default of which it was ordered that he be confined at the workhouse of Blount County for a period of eleven months.

The proof showed that the mother of the child in question had procured a divorce from plaintiff in error and married again. Prior to her second marriage, the plaintiff in error had contributed $8.00 a month for the child's support but ceased these payments thereafter. By the decree of divorce the mother was given custody of the child but there was no provision in the decree with reference to the child's support.

It appears that the second husband was a widower, having children of his own. He owns a home, an automobile, and has a job that pays him $135.00 a month. The child of plaintiff in error was taken by her mother into the home of her second husband and this child lives, apparently, as one of the family.

*(1)* This court has held that, although the custody of the child be awarded to its mother upon divorce, nevertheless the father ordinarily remains liable for the child's support. *Evans* v. *Evans,* 125 Tenn., 112. This, however, is a civil liability.

The proceedings before us are criminal, chapter 120 of the Acts of 1915 prescribing that a violation of its provisions shall be punished as a misdemeanor.

As this statute runs, "it is declared to be a misdemeanor for any person legally chargeable with the care of a child under the age of sixteen years, to wilfully and without good cause, neglect or fail to provide for such child according to his means, or to leave it destitute, or in danger of becoming a public charge."

Is the plaintiff in error legally chargeable with the care of this child?

To be charged with the support of a child and to be charged with the care of a child are two different things. *Care* and *support* are not synonymous. As used in the statute, the dictionary definition of care is "charge or oversight, implying concern for safety and prosperity." Care approaches custody in meaning nearer than it approaches support and the custody of this child was intrusted to and imposed upon the mother by the decree of divorce. In our opinion, the plaintiff in error is not legally chargeable with the care of this child, although he may remain charged with its support, and it follows that proceedings under chapter 120 of

the Acts of 1915 do not lie against plaintiff in error for neglect or failure to support the child.

Nothing herein said is intended to reflect upon the civil liability of plaintiff in error with respect to this child's support. We are merely passing on his liability to a criminal prosecution under the statute referred to.

Reversed and dismissed.