BLACK *v.* ROBERTS *et al.*

(*Knoxville,* September Term, 1937.)

Opinion filed Oct. 16, 1937.

R. D. Busbee, Jr., and N. B. Morrell, both of Knoxville, for appellant.

Frank P. Bowen, of Knoxville, for appellees.

Mr. Chief Justice Green delivered the opinion of the Court.

This case presents a controversy between the mother and father of their deceased child with respect to damages recovered on account of the negligent killing of the child. The chancellor decided the case in favor of the mother, and the father has appealed.

The complainant and the defendant were married in 1927. A child named Margaret C. Black was born to this union. In 1930 the parents were divorced and the custody of the child was awarded to the mother. The mother later married one Roberts.

In 1930 the child, Margaret C. Black, was killed by the negligent operation of a truck. The mother qualified as administratrix of the child and was paid $3,000 damages for the child's death by the owner of the truck. Complainant thereupon brought this suit to recover from the mother this sum of money, alleging that he was entitled to the same as father and next of kin of the deceased child. As above stated, the chancellor dismissed the bill.

The right of action for a wrongful killing is statutory and rests upon the statutes carried into the Code at section 8236 et seq. These statutes not only create the right of action but provide how the proceeds of any recovery shall be distributed. Where the deceased leaves no husband, wife, or child, the proceeds of such

recovery under the statute go to the next of kin "free from the claims of the creditors of the deceased, to be distributed as in the case of the distribution of personal property." Code, section 8238.

In *Haynes* v. *Walker,* 111 Tenn., 106, 76 S. W., 902, 903, the statutes and earlier decisions were reviewed and the court said:

"A recovery upon such right of action, when realized, becomes personal property, and follows the usual course of distribution of personalty. *Loague* v. *Railroad,* 91 Tenn., 458, 461, 19 S. W., 430; *Railroad* v. *Bean,* 94 Tenn., 388, 29 S. W., 370.

"The parties who are entitled to take under the statutes of distribution are, in the contemplation of the other statutes referred to, the next of kin, and entitled to take the recovery according to the statutes relating to the distribution of personal estates.

"This cause of action is not only created by the statute, and dependent alone upon it, but the statute also provides how the proceeds of any recovery upon any such cause of action shall be distributed, and who shall be entitled thereto. It is in no sense an asset of the estate of the deceased, and does not and cannot pass by the will of the deceased, but only under the provisions of the statute, and as the personal property of an intestate, according to the provisions of section 4172 [section 8389, Code 1932] of Shannon's Compilation."

Section 8389 of the Code provides for the distribution of the personal estate of an intestate. Such distribution was formerly controlled by the provisions of 4172 of Shannon's Code. Subsection 4 of section 4172 of Shannon's Code provided that the personalty of an intestate, leaving no husband, wife, or child, should go to the fath-

er of the intestate. This course of distribution, however, has been changed by subsection 4 of section 8389 of the Code of 1932. The latter subsection is as follows:

"If no husband, wife or children, to the father and mother in equal parts, but if either father or mother be dead, then to the survivor of them; provided, however, that where the father and mother of a person dying intestate have been divorced by valid decree which commits the custody of such person to one of the parents to the exclusion of the other, then the personal estate of such person shall be distributed to that parent to whom such custody has been committed, as sole next of kin, to the exclusion of the other parent."

Decisions of this court relied on by the father to sustain his claim in this case were based upon subsection 4 of section 4172 of Shannon's Code. *Railroad* v. *Bean,* 94 Tenn., 388, 29 S. W., 370; *Freeman* v. *Illinois Cent. Railroad Co.,* 107 Tenn., 340, 64 S. W., 1; *Whitson, Adm'r* v. *Tennessee Central R. Co.,* 163 Tenn., 35, 40 S. W. (2d), 396, and like cases.

■ Under subsection 4 of section 8389 of the Code of 1932, the father and mother in equal parts would have been the next of kin of this deceased child, had they not been divorced. Having been divorced, and the custody of such child having been awarded to the mother under the same provision of the Code of 1932, she became sole next of kin and entitled to this recovery.

■ The recovery for the child's death, while not an asset of her estate in the sense that it was liable for her debts, or could pass under her will, or in other respects be treated as a legal asset (*Haynes* v. *Walker, supra; Throgmorton* v. *Oliver,* 144 Tenn., 282, 230 S. W., 967;

*Powell* v. *Blake,* 161 Tenn., 516, 33 S. W. (2d), 78), nevertheless, is to be distributed just as surplus personal property.

The decree of the chancellor is affirmed.