CHARLES E. SHELTON, individually and as Administrator of the Estate of William Jasper Shelton, deceased, v. IDA MAE SHELTON.

(*Knoxville,* September Term (May Session) 1954.)

Opinion filed June 10, 1955.

FRANK N. BRATTON, of Athens, for appellant.

VIRGIL F. CARMICHAEL, of Cleveland, for appellee.

Mr. Special Justice Robert S. Clement delivered the opinion of the Court.

This case presents a controversy between the father and mother of their deceased child relative to damages recovered on account of the negligent death of the child.

The mother, complainant below, filed her bill in the Chancery Court of Polk County, seeking to recover one-half the proceeds received by the husband on account of said death. The father, defendant below, demurred to the bill, the substance of the demurrer being that by the decree of the Chancellor of Polk County, in 1942, complainant and defendant were divorced and that custody of the deceased child, William Jasper Shelton, was awarded the defendant father, and that by statute the father became the sole next of kin and the only one entitled to maintain and recover for the wrongful death of the child.

The demurrer further sets out that the complainant, Ida Mae Shelton, is barred by the statute of limitations as provided by Section 8595 of the Code of Tennessee, in that her right of action accrued more than one year before the filing of the bill.

The Chancellor overruled the demurrer and the defendant prayed an appeal to this Court.

The facts as set out in complainant's bill together with the exhibits thereto and defendant's demurrer show that on the 28th day of April, 1942, in the Chancery Court of Polk County, the complainant, Ida Mae Shelton, was awarded a divorce from the defendant on the grounds of cruel and inhuman treatment. The decree further adjudged certain property rights between the parties which are not pertinent to the case at hand.

Paragraph five of the decree is controlling in this lawsuit and will be copied herein:

"It is further ordered, adjudged and decreed that the custody and care of W. J. Shelton son of the complainant and the defendant, is committed to the Defendant, *temporarily, until the October, 1942 Term of this Court, at which time the Court will make further orders regarding the custody of said minor,* with leave of the complainant to visit said minor at reasonable times, and the defendant is enjoined from tampering with or endeavoring to prejudice said minor child against his mother." (Italicizing Ours.)

Neither party made further application to the Chancery Court for custody of the child, then twelve years of age, either at the October term of 1942, or at any later date. The custody of the child was never committed further or other than in the decree referred to.

Complainant's bill alleges that in the early part of 1950 the young man, then 20 years of age and unmarried, was employed at a stove works in Cleveland, Tennessee, and that he carried complainant as his dependent for Federal tax purposes, and that the young man contributed toward the support of the complainant. On August 18, 1950, William Jasper Shelton died as a result of injuries sustained in an automobile accident. Shortly after the death of the deceased, the father Charles E. Shelton, applied for and was issued letters of administration. He later filed suit against the Tennessee Coach Company, Inc., in the Circuit Court of Hamilton County, Tennessee, where the case was compromised on June 1, 1953, for $2,700. The attorneys representing Charles E. Shelton, Administrator, were allowed $900 as a fee in the cause, the defendant as administrator receiving a net amount of $1,800.

The complainant below made demand upon the defendant for one-half of the net recovery for the wrongful death of their child, but the defendant refused to pay anything to her, relying on the divorce decree of 1942, and Code Section 8389 which provides for the distribution of personal property of a decedent, with the provision that where the father and mother are divorced by a valid decree which commits the custody of such person to one parent to the exclusion of the other, then the personal estate of such person shall be distributed to the parent to whom such custody has been committed, as sole next of kin, to the exclusion of the other parent.

The defendant assigned errors the substance of which are: Number one, that the divorce action of 1942, a certified copy of which is an exhibit herein, precludes complainant, Ida Mae Shelton, from recovering or from

sharing in any recovery for the wrongful death of William Jasper Shelton.

Number two, that the complainant, Ida Mae Shelton, cannot maintain this cause because, as a matter of law, said divorce decree awarded the minor child of the parties to the defendant, Charles E. Shelton, made Charles E. Shelton the sole next of kin, entitled to maintain and recover for the wrongful death of the deceased, William Jasper Shelton.

Number three, that the bill shows that the right of action of the complainant, Ida Mae Shelton, accrued more than one whole year before the filing of the original bill in this cause, and that she is barred by the statute of limitations as set out in Section 8595 of the Code of 1932.

Thus it can be seen that assignments of error one and two raise the question as to whether or not the defendant, Charles E. Shelton, was awarded such custody of the child by the divorce decree of 1942, as to exclude the mother as next of kin, thereby making the defendant, Charles E. Shelton, the sole heir and next of kin of the deceased.

The divorce decree of 1942 which was brought at the instance of the complainant, Ida Mae Shelton, is unusual in that although she was successful in the suit, the Court decreed temporary custody of the child to the defendant Charles E. Shelton. Evidently the Court had good reasons for so doing, but it is observed that the Chancellor was very careful to provide that the custody of the child to the defendant was only temporary, and the Court even went so far as to limit the custody until October, 1942, term of this Court, at which time the Court would make further orders regarding the custody of said minor. No doubt the parties worked out to their own satisfaction the arrangements for the care of the child and the Court

was never asked to change the decree, nor to award the custody of the child permanently to either of the parties.

The Section of the Code, Sec. 8389 relied on by the defendant reads as follows:

"8389. Surplus personalty, how distributed.—The personal estate as to which any person dies intestate, after the payment of the debts and charges against the estate, shall be distributed as follows: * * *

"(4) If no husband, wife or children, to the father and mother in equal parts, but if either father or mother be dead, then to the survivor of them; provided, however, that where the father and mother of a person dying intestate have been divorced by valid decree which commits the custody of such person to one of the parents *to the exclusion* of the other, then the personal estate of such person shall be distributed to that parent to whom such custody has been committed, as sole next of kin, to the exclusion of the other parent." 1932 Code of Tennessee.

Now in reading the divorce decree of 1942 in the light of the foregoing Section of the Code, we are confronted with the question in this cause as to whether or not a decree granting *temporary* custody of the deceased to the defendant, father, excludes the complainant, mother, as next of kin of her bodily heir, William Jasper Shelton; or do the words "temporarily until October, 1942, term of the Court," preserve her status of next of kin.

It can readily be seen that we must decide the legal meaning of the word temporary. Black's Law Dictionary defines the word temporary as follows:

"That which is to last for limited time only as distinct from that which is perpetual, or indefinite in its duration."

In 41 Words and Phrases, Temporary, p. 263, we find the word temporary dealt with as follows:

" 'Temporary' means lasting for a time only; existing or continuing for a limited time; not of long duration; not permanent; transitory; changing; but a short time."

The above construction and definition is to be found in *Moore* v. *Smead,* 89 Wis. 558, 62 N. W. 426-429.

The defendant relies on the case of *Black* v. *Roberts,* 172 Tenn. 20, at page 21, 108 S. W. (2d) 1097, the facts of which are substantially the same as the case at bar with one exception. In the Roberts case the father and mother were divorced but the mother had been awarded custody of the child, the decree was final not temporary, and the Court speaking through Chief Justice Green held that the mother was the sole next of kin. But such is not the case before the Court at this time. The permanent custody of the deceased had not been awarded to either father or mother, and we are of the opinion that the decree of the Chancellor in the divorce action of 1942 did not exclude the mother within the meaning of the statute relied on.

The statute specifically provides "to one of the parents to the exclusion of the other," and the decree of the Chancellor was in fact to the contrary in that he specifically provided the custody was only temporarily until the October, 1942, term of Court.

If the defendant desired that this decree be changed it was his duty to bring the matter to the attention of the Court, and not having done so it is our opinion that the rights of the parties were not affected by the Section of the Code relied on by the defendant which would abrogate complainant's rights. Assignments of error numbers one and two are overruled.

Assignment of error number three complains of the fact that the complainant did not file her suit within one year after the death of the decedent. This is not an action against a wrongdoer for personal injuries, but is an action against the administrator of an estate, and the statute of limitations as provided by Section 8595 of the Code has no application. This assignment of error is without merit.

The decree of the Chancellor in overruling the demurrer is affirmed.

The cause will be remanded to the Chancery Court for such other orders as may be required for a final decree not inconsistent with this opinion.

The cost of the appeal is adjudged against the appellant, Charles E. Shelton, individually and as administrator.