JAMES ANDERSON, Administrator, et al., Appellants,

*v.*

LEROY ANDERSON, SENIOR, Appellee.

366 S.W.2d 755.

(*Nashville*, December Term, 1962.)

Opinion filed April 3, 1963.

W. C. RODGERS, Memphis, for appellants.

MARY GUIDI, Memphis, for appellee.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The question for decision in this case is whether or not a father, who has abandoned his minor child, and then the child is killed and damages awarded for this unlawful killing, is entitled to share in this money as one of the heirs of the deceased child.

The Chancellor sustained the demurrer holding that the father was entitled to share in the proceeds since he had not been divorced from the child's mother and no custody had been awarded of the child in his lifetime to either the father or the mother. A discretionary appeal was allowed and after some considerable study and investigation we have the matter for disposition.

The parties are Negroes. Joe Louis Anderson, a boy twenty-three years of age, was killed in an automobile accident. His older brother qualified as administrator and sued for the death of the brother, Joe Louis. Damages were recovered by a settlement of the case. The decedent lived with his mother in Mississippi and, according to the allegations of her cross-complaint, this boy who was killed had lived with her all his life, and the father, Leroy Anderson, Sr., had never contributed anything or done anything for the boy that a father should. Under this state of facts (abandonment being averred in the strongest language possible) the father demurred because no divorce had ever been granted and no custody had ever been awarded of this child to the mother, and therefore he claimed to be entitled to his share under the statute of this estate. As said above this demurrer was sustained and a: discretionary appeal allowed.

As far as we are advised or can find this identical question has never heretofore been determined in this State directly, but we think the question is foreclosed by previous related decisions.

The right of action for a wrongful killing is statutory and rests upon sec. 20-607 et seq., T.C.A. This statute does not only create a right of action but provides how the proceeds of any recovery for such wrongful death may be distributed. Where deceased leaves no husband, wife or child, the proceeds or the recovery under the statute go to the next of kin, "free from the claims of the creditors of the deceased, to be distributed as in the case of the distribution of personal property." Sec. 20-609, T.C.A.

■ Such a recovery as herein when realized becomes personal property and follows the distribution as such. *Haynes v. Walker,* 111 Tenn. 106, 76 S.W. 902.

Thus this being true, it is necessary that we read sec. 31-201, T.C.A., along with the section above referred to. This latter section provides for the distribution of the personal estate of the intestate. This section (sec. 31-201, T.C.A.) lists the order in which relatives of one dying intestate shall take the personal estate. Sub-division (4) of this Section is the one applicable under the factual situation here presented. It provides:

"If no husband, wife or children, to the father and mother in equal parts, but if either father or mother be dead, then to the survivor of them, provided, however, that where the father and mother of a person dying intestate have been divorced by valid decree which commits the custody of such person to one of the parents to the exclusion of the other, then the personal

estate of such person shall be distributed to that parent to whom such custody has been committed, as sole next of kin, to the exclusion of the other parent.''

Related questions to that herein presented arose in *Black v. Roberts,* 172 Tenn. 20, 108 S.W.2d 1097, wherein the entire recovery for the death of a son was taken by the mother to the exclusion of the father, they, that is the father and mother, having been divorced and the custody of the deceased child having been awarded to the mother.

In the recent case of *Shelton v. Shelton,* 198 Tenn. 346, 280 S.W.2d 803, the wife had obtained a divorce decree which lodged temporary custody of the deceased son in the father until the next term of court. Nothing though was done about it and the next term had passed before the death and no award of the custody of the child had been made to either for some eight years after this divorce decree and before the child was killed at the age of twenty, leaving neither widow nor children surviving. This Court held that the mother was entitled to half of the recovery obtained for the son's death because, as exclusive custody was never permanently lodged in the father, he did not qualify as the sole next of kin under sec. 31-201(4), supra.

It is the general rule subject to exception where changed by statute that a surviving spouse's misconduct, or abandonment or things of that kind, such as herein alleged, does not bar his or her right to succeed to the deceased spouse's estate. This Court in a comparatively recent case had this identical question before it in *Johnson v. Morgan,* 184 Tenn. 254, 198 S.W.2d 549. In this case there was an unfaithful wife. The Court held though regardless of this fact she was entitled under the statute

to a recovery. In this case, that is *Johnson v. Morgan,* supra, this Court quoted from *Heggie v. Barley,* 5 Tenn. Civ.App. 78, a very clear reason for allowing such a recovery on behalf of an unfaithful wife in the interpretation of our distribution statute herein involved. This reason is absolutely applicable to the factual situation presented in the present case. This case of *Heggie v. Barley* quoted from has been approved by our Court one or two times since then and is sound. The quotation from *Heggie v. Barley* is:

"Our statutes providing for recoveries for personal injuries negligently inflicted, resulting in deaths, and designating for whose benefit such recoveries may be had are clearly in the nature of statutes providing for the descent and distributing of estates, and we are of opinion that the Courts can no more inquire into the worthiness or unworthiness of such beneficiaries in such personal injury cases than they can inquire into the worthiness or unworthiness of those who are designated as beneficiaries of the estates of decedents, and that the Courts cannot deny relief because of unworthiness in either case unless authorized so to do by some statute."

By statute in New York, and probably other states, the father who abandons an infant child is not allowed to have his distributive share in the child's estate. See 26A C.J.S. Descent and Distribution sec. 47, page 609. In the absence of such a statute the father even though he does abandon and has never done anything for the child is entitled to his distributive share. We have no such statute in this State.

It results that the action of the Chancellor is affirmed. The costs of the appeal will be taxed against the appellant, while the costs below will be fixed by the lower court on remand.