JOYCE DAMRON, Individually and as Administratrix, Appellee,

*v.*

GARDNER DAMRON, Appellant.

367 S. W. 2d 476.

(*Jackson,* April Term, 1963.)

Opinion filed May 10, 1963.

HAROLD BRUNDIGE, Martin, for appellant.

MILES & MILES, Union City, for appellee.

16

Mr. Justice Holmes delivered the opinion of the Court.

This case presents the question of the proper distribution of the proceeds of a settlement effected in a wrongful death action. The complainant, Joyce Damron, individually and as Administratrix of the estate of her deceased minor daughter, Kathryn Louise Damron, filed a bill for a declaratory judgment against the defendant, Gardner Damron, who was the father of decedent.

By agreement of the parties, the case was heard before the Chancellor on bill and answer. The record shows that two children were born of the marriage of complainant and defendant. The marriage of the parties was dissolved by decree of divorce on July 16, 1959, in the County Court of Weakley County. The parties effected a property settlement agreement, referred to as a "deed of separation," by which they settled their property rights and agreed upon the custody and support of their minor child, the decedent. By this deed of separation it was provided that the complainant, Joyce Damron "shall have the exclusive care, custody and control of Kathryn Louise Damron, minor child of the parties, but with the right of the party of the first part to visit said child and have said child visit him on reasonable occasions and at

reasonable times and for reasonable lengths of time.'' The agreement then provided that the father pay $90.00 per month for the support of the child.

This deed of separation is incorporated in the divorce decree. Among other things the decree provides:

"It further appears to the Court that the aforesaid contract, entitled a 'Deed of Separation,' representing a settlement between the parties, voluntarily entered into, is fair and equitable and the Court is pleased to and doth confirm and ratify such property agreement.''

The divorce decree further provides:

''and further, *in accordance with such agreement,* it is ordered, adjudged and decreed that the custody, care and control of the minor child, Kathryn Louise Damron, be committed to the cross-complainant, (the mother) but with the right of the original complainant to visit such child and to have such child visit him on reasonable occasions and at reasonable times and for reasonable lengths of time.'' (Emphasis added.)

The child, Kathryn Louise Damron, was killed in an automobile accident on April 15, 1962. She was still a minor and was unmarried. By order of the County Court of Weakley County, the complainant was appointed Administratrix of the estate of the decedent. That Court further ordered that the proceeds of any recovery had for the wrongful death of decedent, either by settlement or by final judgment, be held in court until the proper distribution thereof is determined.

Under our statutes creating a cause of action for wrongful death (T.C.A. sec. 20-607 et seq.) the proceeds of the recovery go to the next of kin of decedent ''free

from the claims of the creditors of the deceased, to be distributed as in the case of the distribution of personal property." T.C.A. sec. 20-609; *Black v. Roberts et al.,* 172 Tenn. 20, 108 S.W.2d 1097.

T.C.A. sec. 31-201 provides for the distribution of the personal estate of an intestate decedent. Subsection (4) of the statute is as follows:

"If no husband, wife or children, to the father and mother in equal parts, but if either father or mother be dead, then to the survivor of them, provided, however, that where the father and mother of a person dying intestate have been divorced by valid decree which commits the custody of such person to one of the parents to the exclusion of the other, then the personal estate of such person shall be distributed to that parent to whom such custody has been committed, as sole next of kin, to the exclusion of the other parent."

There is no question raised as to the validity of the divorce decree. The sole question is whether or not the decree commits the custody of the decedent to the mother to the exclusion of the father within the meaning of the above quoted statute.

The Chancellor held that the decree committed the custody of the child to the mother to the exclusion of the father and that, therefore, the mother was entitled to the entire recovery.

In *Black v. Roberts,* supra, and *Shelton v. Shelton,* 198 Tenn. 346, 280 S.W.2d 803, this Court directly passed upon the conflicting claims of divorced parents to the proceeds of wrongful death recoveries. The opinion in *Black v. Roberts,* supra, does not show whether or not

the father was given rights of visitation in the divorce decree. The only references to the divorce decree are as follows:

"In 1930 the parents were divorced and the custody of the child was awarded to the mother. * * *

"Under subsection 4 of section 8389 of the Code of 1932, the father and mother in equal parts would have been the next of kin of this deceased child, had they not been divorced. Having been divorced, and the custody of such child having been awarded to the mother under the same provision of the Code of 1932, she became sole next of kin and entitled to this recovery." *Black v. Roberts, et al.,* supra, 172 Tenn. pages 21 and 23, 108 S.W.2d page 1097.

In *Shelton v. Shelton,* supra, the divorce decree is set forth, 198 Tenn. at page 348, 280 S.W.2d at page 804, of the opinion as follows:

"It is further ordered, adjudged and decreed that the custody and care of W. J. Shelton, son of the complainant and the defendant, is committed to the Defendant *temporarily, until the October, 1942 Term of this Court, at which time the Court will make further orders regarding the custody of said minor,* with leave of the complainant to visit said minor at reasonable times."

The decree was entered in that case on April 28, 1942. Neither of the parties ever sought any award of permanent custody and no further orders were entered in the cause. The minor child was killed in an automobile accident in 1950. In holding that the temporary award of custody to the father did not cut off the mother's right to share in a recovery had for the wrongful death of the

minor, the Court at page 352 of the opinion, 280 S.W.2d at page 805, stated:

"The permanent custody of the deceased had not been awarded to either father or mother, and we are of the opinion that the decree of the Chancellor in the divorce action of 1942 did not exclude the mother within the meaning of the statute relied on. * * *

"If the defendant desired that this decree be changed it was his duty to bring the matter to the attention of the Court, and not having done so it is our opinion that the rights of the parties were not affected by the Section of the Code relied on by the defendant which would abrogate complainant's rights."

The appellant in his brief contends, "The custody set out and agreed upon between the parties was exclusive custody which had been modified or qualified and was not absolute as determined by the court."

It is further contended that exclusive custody was not awarded the mother in view of the visitation rights granted the father and that the Legislature did not intend to cut off the legal relationship of a parent and minor child when the parent still supported the child and had the right to the child on various occasions.

A divorce decree, of course, may commit the custody of a minor child of the parties to one of the parents or the custody may be divided between the parents. The question is whether or not the granting of reasonable rights of visitation to one parent prevents the award of *custody* to the other parent from being exclusive within the meaning of T.C.A. sec. 31-201.

The courts of several States have had occasion to consider the meaning of ''custody'' and ''rights of visitation.'' The distinction between the two terms was stated as follows in *In re Hardesty's Adoption,* 150 Kan. 271, 92 P.2d 49 by the Supreme Court of Kansas at page 50 of its opinion:

''As stated, under the decree of divorce the custody of the child was given to the father, the plaintiff in that action. The adoption statute required the consent of the parent to whom the custody of the child was given. The consent of the father was given and the validity of the adoption was not affected by the fact that in the decree of divorce the petitioner was permitted to visit the child from time to time. The right of visitation does not give custody.''

The Oregon Court recognized the distinction between ''custody'' and ''right of visitation'' by the following language in *McFadden v. McFadden,* 206 Or. 253, 292 P.2d 795, 799:

'' 'Custody,' in the sense we use it connotes, among other things, the right of the legal custodian to establish the legal domicile for the child, whereas such right does not abide with the parent who enjoys only the occasional right of visitation, i. e., the right to visit the child wherever it is, at certain time, or to have the child visit the parent for stipulated periods.''

In *Lerner v. Superior Court,* 38 Cal.2d 676, 242 P.2d 321, 323, the California Court defined ''custody'' as follows:

''The essence of custody is the companionship of the child and the right to make decisions regarding his care and control, education, health, and religion.''

The fact that one parent may be *deprived of custody* and still have a right of visitation is recognized in the following quotation from 67 C.J.S. Parent and Child sec. 13 at page 683:

''[A]nd a decree awarding one parent or a third person the custody of a child should, under normal circumstances, include a provision permitting the parent deprived of the custody to visit with the child under such conditions and in such manner as the circumstances may warrant.''

In holding that the father of a child, whose custody had been awarded to the mother in a divorce decree, was not subject to prosecution under Chapter 120 of the Acts of 1915 (T.C.A. sec. 39-210 et seq.) for failure or neglect to support a child for whose care he was legally chargeable, this Court in *Madison v. State,* 163 Tenn. 198, 200, 42 S.W.2d 209 stated

''To be charged with the support of a child and to be charged with the care of a child are two different things. *Care* and *support* are not synonymous. As used in the statute, the dictionary definition of care is 'charge or oversight, implying concern for safety and prosperity.' Care approaches custody in meaning nearer than it approaches support, and the custody of this child was intrusted to and imposed upon the mother by the decree of divorce.''

■ The civil liability of the father for support of his child continues even though the custody is committed to the mother. *Evans v. Evans,* 125 Tenn. 112, 140 S.W. 745; *Madison v. State,* supra.

The parties to this suit, when they executed the ''deed of separation,'' saw no inconsistency in agreeing that

the mother have *exclusive custody* and that the father have reasonable rights of visitation, for that is exactly what they agreed. There is no merit in the contention that the Court modified this agreement by not including the word "exclusive" in the decree. The Court in the divorce decree expressly stated, "in accordance with such agreement, it is ordered, adjudged and decreed that the custody, care and control of the minor child, Kathryn Louise Damron, be committed" to the mother.

The opinion of the Court in *Black v. Roberts, et al.,* supra, does not indicate that the word exclusive was used in the decree in connection with the award of custody. If the custody of a child is committed to one of the parties and if not divided, then that party has exclusive custody.

The appellant further contends that the decree of divorce does not commit the custody to the mother to the exclusion of the father within the meaning of T.C.A. sec. 31-201 because the decree retains the cause in Court for such further and other orders as may be necessary, with respect to the custody, support and maintenance of the minor child. By the provisions of T.C.A. secs. 36-820 and 36-828 all divorce decrees providing for custody and support are retained in court for the purpose of future orders whether the decree so provides or not. *Davenport v. Davenport,* 178 Tenn. 517, 160 S.W.2d 406. The divorce decree in this case does no more than is done by statute in all such cases. This does not deprive the decree of its quality of finality. *Hicks v. Hicks, et al.,* 26 Tenn.App. 641, 651, 176 S.W.2d 371.

It is the award of the custody to one parent alone in the divorce decree that excludes the other parent from

inheriting as next of kin of the child. In the absence of such a decree both parents would inherit equally regardless of questions of support or physical care. *Anderson v. Anderson,* 211 Tenn. 566, 366 S.W.2d 755.

■ In our opinion the Chancellor was correct in holding that the divorce decree in this case committed the custody of the child to the mother to the exclusion of the father within the meaning of subsection (4) of T.C.A. sec. 31-201. The right of visitation given the father in the decree is no more than the right normally given a parent who by decree is deprived of the custody of a child. It is *custody* to the exclusion of the other parent, and not a mere right of visitation, that determines the right of inheritance under the statute.

The Chancellor taxed the costs in the Trial Court against the complainant. The costs on the appeal are taxed against the appellant and the surety on the appeal bond. Affirmed.