Tennie E. Chandler RAY, Respondent-Complainant,

v.

Columbus P. CHANDLER, Sr., Petitioner-Defendant.

Supreme Court of Tennessee.

July 3, 1972.

Dewey C. Whitenton, Bolivar, for petitioner.

James H. Bostick, Hutton & Bostick, Memphis, for respondent.

## OPINION

DYER, Chief Justice.

This cause comes to this Court by grant of the writ of certiorari. The undisputed facts are as follows:

On May 10, 1956, the petitioner, Columbus P. Chandler, Sr., obtained an absolute divorce from his wife, Tennie E. Chandler (Ray), the respondent herein. Under the terms of this divorce petitioner was awarded exclusive custody of their minor son, Paul Allen Chandler. On April 8, 1966, Paul Allen Chandler, age 26, died, intestate, unmarried and without issue. Petitioner qualified as Administrator of the Estate of Paul Allen Chandler, deceased, and after payment of debts and other charges there remains as assets of the estate personal property of approximate value of $14,000.00, to be distributed in accord with our statutes of distribution.

The one question here for decision is whether under T.C.A. § 31–201(4) this distribution will be made equally to petitioner and respondent, as parents of the deceased, or whether the distribution will be made to petitioner to the exclusion of respondent.

T.C.A. § 31–201(4) reads as follows:

If no husband, wife or children, to the father and mother in equal parts, but if either father or mother be dead, then to the survivor of them, provided, however, *that where the father and mother of a person dying intestate have been divorced by valid decree which commits the custody of such person to one of the parents to the exclusion of the other,*

*then the personal estate of such person shall be distributed to that parent to whom such custody has been committed, as sole next of kin, to the exclusion of the other parent.* (Emphasis supplied).

Petitioner relies upon that language of T.C.A. § 31–201(4) italicized above. Petitioner's position is that since there was a valid divorce decree by the terms of which the custody of this deceased son was committed to him to the exclusion of respondent, then under the language of the statute petitioner is the sole next of kin and would take all the personal property. The minority opinion of the Court of Appeals agreed with this position.

Respondent's position is that since the custody of the deceased son committed to petitioner terminated upon deceased reaching the age of twenty-one, which was prior to his death, then the language of this statute relied upon by petitioner is not applicable, and the personal property would be distributed equally to respondent and petitioner. The chancellor and the majority opinion of the Court of Appeals agreed with this position.

We have not been cited, nor have we found, a case on the precise issue presented here; that is, whether the language of the statute italicized above is applicable where the custody of the minor child has been terminated by the minor reaching the age of twenty-one, the then age of emancipation.

The answer will require a construction of this statute to determine whether or not it was the intent of the Legislature in the enactment of this statute to exclude the parent deprived of custody of the child during the child's minority, by valid divorce decree, from taking a distributive share from the estate of said child dying, intestate, after having reached the age of emancipation.

This Court has dealt with the language of the statute here at issue in cases where the minor child committed by a valid decree of divorce to the exclusive custody of one parent died, intestate, during the child's minority, unmarried and without issue, and has consistently applied the literal language of the statute holding the parent having custody was the sole next of kin, and would take all the personal property. Black v. Roberts, 172 Tenn. 20, 108 S.W.2d 1097 (1937); Damron v. Damron, 212 Tenn. 14, 367 S.W.2d 476 (1963).

Construing that part of the statute here at issue with reference to its intended purpose (see McGill & Daugherty v. Kefauver, 175 Tenn. 667, 137 S.W.2d 279 (1940) ) it is apparent the Legislature in the enactment of this statute had turned its attention to the situation of a child dying, intestate, while the child was still in the custody of its parents and in clear language has said which parent shall inherit under the circumstances where one parent has lawfully been denied any custody of the child.

The whole thrust and sole purpose of that part of the statute here at issue is concerned with the rights of inheritance of a child while still in custody of one of its parents and we find no language, express or implied, that the Legislature was concerned with the rights of inheritance from an emancipated child who is not in the custody of either parent.

We hold the language of this statute here at issue is not applicable where a child has been emancipated and not in the custody of either parent.

The opinion of the Court of Appeals is affirmed and the cause remanded to the Chancery Court for a distribution of the Estate of Paul Allen Chandler, deceased, in accord with this opinion.

CHATTIN, CRESON and McCANLESS, JJ., and JENKINS, Special Judge, concur.