298 So.2d 20

**Lyndel R. SPENCER et al.**

v.

**MALONE FREIGHT LINES, INC., et al.**

**SC 411.**

Supreme Court of Alabama.

June 27, 1974.

Rehearing Denied July 25, 1974.

Humphrey & Smith, Charles A. Phillips, Huntsville, for appellants.

Watts, Salmon, Roberts, Manning &
Noojin, Huntsville, for appellees.

McCALL, Justice.

The plaintiff, Lyndel R. Spencer, appeals
from a judgment of voluntary nonsuit en-
tered by the trial court on her motion
which she maintains became necessary be-
cause of rulings by the court upon the
pleadings that were adverse to her. An
appeal is provided for by Code of Ala.,
Tit. 7, § 819.

The first assignment of error is: "The
trial court erred in overruling the appel-
lants' motion to strike the answers of the

defendants, as amended, said order being dated December 9, 1971."

■ The matter of a motion to strike another party's pleading, or a part thereof, pursuant to Code of Ala., Tit. 7, § 213, on the ground that such is frivolous or unduly prolix, is one that remains in the sound discretion of the trial judge, whose ruling on appeal will not be reviewed in the absence of abuse. Davis v. Louisville & Nashville R. Co., 108 Ala. 660, 18 So. 687; Blumberg v. Speilberger, 209 Ala. 278, 96 So. 191; Mazer v. Brown, 259 Ala. 449, 66 So.2d 561; Clements v. Olive, 274 Ala. 210, 147 So.2d 818; Gulf American Fire & Casualty Co. v. Gowan, 283 Ala. 480, 218 So.2d 688. We find no error in the trial court's overruling the appellants' motion to strike.

Mrs. Spencer, the appellant, brought this action in two counts in the Circuit Court of Madison County, Alabama, joining as a non-consenting party plaintiff her former husband, Bert L. Spurlock, from whom she was divorced in Alabama. The complaint alleges the wrongful death of their minor daughter in Lincoln County, Tennessee, as the result of a motor vehicular accident. As a basis for recovery, the complaint pleads the Tennessee Code Annotated (referred to hereafter as T.C.A.), Tit. 20, § 607. This statute provides for a right of action for wrongful death and prescribes to whom this right shall pass.

The appellees, who are the defendants, pleaded, in their answer, as amended, the general issue and eleven special pleas. The sufficiency of the pleas was tested by the appellants' demurrer that was overruled. Thereupon, the appellants-plaintiffs filed a general replication, which joined issue on all the pleas, and interposed three special replications which plead matter relied on in answer to the special pleas. The appellees' demurrer to these special replications was sustained. The appellants moved for a voluntary nonsuit because of the adverse rulings on the demurrers to the pleas and the replications. The court entered judgment pursuant to the motion.

■ We have held that on an appeal from a judgment of voluntary nonsuit, we would review those rulings on pleadings which are stated to have superinduced the nonsuit. Where several adverse rulings have superinduced the nonsuit, we will consider all such rulings assigned for taking the nonsuit, provided error is properly assigned and sufficiently argued in brief. Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 63 So. 567; MacMahon v. City of Mobile, 253 Ala. 436, 44 So.2d 570. The record in this case sufficiently shows that the nonsuit was the result of the adverse rulings as to both the pleas and the replications.

The adverse rulings on the demurrer to the pleas is the subject of the appellants' second assignment of error, which reads as follows:

"2. The trial court erred in overruling the appellants' demurrer to the answers of the defendants, as amended, said order being dated July 29, 1972."

In arguing for a reversal on the ground that overruling the appellants' demurrer to the appellees' special pleas 3, 4, 5, 6, 7, 8, 11 and 12, which are pleas of res judicata, was error, the appellants say that this really gets to the crux of the case, for it is clear from all of these pleas that the mother was not a party to the action which the father filed in Tennessee. That action was for the same alleged wrongful death upon which the father recovered a judgment that was paid. The appellants say that the question here is whether the mother was an indispensable party to the Tennessee litigation. The appellants request us to look to the merits of this case for the solution rather than to a hypertechnical procedure. In brief the appellants say: "We earnestly request this Court to consider the merits of this case * * *." In our opinion the appellant-mother was not an indispensable party to the action that the father filed in Tennessee for the wrongful death of their minor daughter.

The right of action created under T.C.A., Tit. 20, § 607 et seq., is transitory, Folkes v. Central of Georgia Ry. Co., 202 Ala. 376, 80 So. 458, Watford v. Alabama & Florida Lumber Co., 152 Ala. 178, 44 So. 567, and is of such character as properly may be brought in Alabama, a state other than where the injury causing the death occurred, namely, Tennessee, provided jurisdiction over the defendant can be legally obtained. Code of Ala., Tit. 7, § 97; Weaver v. Alabama Great Southern R. Co., 200 Ala. 432, 76 So. 364; Folkes v. Central of Georgia Ry. Co., supra.

Where the wrongful act that caused the injury or death occurred in another state, the courts of this state will look to the substantive law of that state to determine whether the defendant under that law has breached any legal duty to the injured party. Code of Ala., Tit. 7, § 97; Dawson v. Dawson, 224 Ala. 13, 138 So. 414; Larue v. C. G. Kershaw Contracting Co., 177 Ala. 441, 59 So. 155; 4 Ala.L.Rev. 75, 77 (1951); Lane v. Lane, 240 Ala. 447, 199 So. 870. As a matter of law, the Alabama statute allowing recovery for a wrongful act causing death will not support an action where the wrongful act was committed in another state. Louisville & Nashville R. Co. v. Williams, 113 Ala. 402, 21 So. 938.

So to determine the question as to whether the mother was an indispensable party to the Tennessee case, we must turn to the applicable Tennessee statutes. The wrongful death statute of Tennessee may be found at T.C.A., Tit. 20, § 607. It reads as follows:

"20–607. Injury resulting in death—Succession to cause of action.—The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his next of kin; or to his personal representative, for the benefit of his widow or next of kin; or to his natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered by them, otherwise to his or her legally adoptive parents or parent, or to the administrator for the use and benefit of the said adoptive parents or parent; the funds recovered in either case to be free from the claims of creditors. In the case of the death of a married woman, such right of action shall pass to the surviving husband. * * *"

It appears to us that the above statute gives the right of action and specifically designates the beneficiaries to whom the right shall pass, that is "to his natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent * * *."

In Memphis Street Ry. Co. v. Cooper, 203 Tenn. 425, 432, 313 S.W.2d 444, the court said:

"* * * This right of action is statutory (Sections 20–607, 20–608, 20–609, T.C.A.), so that both the action and the procedure for distribution of the proceeds of any recovery rests on the statute. Black v. Roberts, 172 Tenn. 20, 108 S.W.2d 1097."

In Black v. Roberts, 172 Tenn. 20, 108 S.W.2d 1097, the Tennessee court concluded that the proceeds of recovery are to be distributed under what is presently T.C.A., Tit. 31, § 201, subdivision 4. In the opinion the court stated:

"The right of action for a wrongful killing is statutory and rests upon the statutes carried into the Code at section 8236 et seq. [Now T.C.A., Tit. 20, § 607 et seq]. These statutes not only create the right of action but provide how the proceeds of any recovery shall be distributed. Where the deceased leaves no husband, wife, or child, the proceeds of such recovery under the

statute go to the next of kin 'free from the claims of the creditors of the deceased, to be distributed as in the case of the distribution of personal property.' Code, § 8238.

"In Haynes v. Walker, 111 Tenn. 106, 76 S.W. 902, 903, the statutes and earlier decisions were reviewed and the court said:

" 'A recovery upon such right of action, when realized, becomes personal property, and follows the usual course of distribution of personalty. Loague v. Railroad, 91 Tenn. 458, 461, 19 S.W. 430; Railroad v. Bean, 94 Tenn. 388, 29 S.W. 370.

" 'The parties who are entitled to take under the statutes of distribution are, in the contemplation of the other statutes referred to, the next of kin, and entitled to take the recovery according to the statutes relating to the distribution of personal estates.

" 'This cause of action is not only created by the statute, and dependent alone upon it, but the statute also provides how the proceeds of any recovery upon any such cause of action shall be distributed, and who shall be entitled thereto. It is in no sense an asset of the estate of the deceased, and does not and cannot pass by the will of the deceased, but only under the provisions of the statute, and as the personal property of an intestate, according to the provisions of section 4172 [section 8389, Code 1932] of Shannon's Compilation.'

"Section 8389 of the Code [now T.C.A., Tit. 31, § 201] provides for the distribution of the personal estate of an intestate. Such distribution was formerly controlled by the provisions of 4172 of Shannon's Code. Subsection 4 of section 4172 of Shannon's Code provided that the personalty of an intestate, leaving no husband, wife, or child, should go to the father of the intestate. This course of distribution, however, has been changed by subsection 4 of section 8389 of the Code of 1932. The latter subsection is as follows:

" 'If no husband, wife or children, to the father and mother in equal parts, but if either father or mother be dead, then to the survivor of them; provided, however, that where the father and mother of a person dying intestate have been divorced by valid decree which commits the custody of such person to one of the parents to the exclusion of the other, then the personal estate of such person shall be distributed to that parent to whom such custody has been committed, as sole next of kin, to the exclusion of the other parent.'

\* \* \* \* \* \*

"Under subsection 4 of section 8389 of the Code of 1932 [now T.C.A., Tit. 31, § 201(4)], the father and mother in equal parts would have been the next of kin of this deceased child, had they not been divorced. Having been divorced, and the custody of such child having been awarded to the mother under the same provision of the Code of 1932, she became sole next of kin and entitled to this recovery.

"The recovery for the child's death, while not an asset of her estate in the sense that it was liable for her debts, or could pass under her will, or in other respects be treated as a legal asset (Haynes v. Walker, supra; Throgmorton v. Oliver, 144 Tenn. 282, 230 S.W. 967; Powell v. Blake, 161 Tenn. 516, 33 S.W.2d 78), nevertheless, is to be distributed just as surplus personal property."

Subdivision 4 of Tit. 31, § 201 of T.C.A., provides this:

"31–201. Surplus personalty over amount required for debts and charges —Distribution.—The personal estate as to which any person dies intestate, after the payment of the debts and charges against the estate, shall be distributed as follows:

\* \* \* \* \* \*

"(4) If no husband, wife or children, to the father and mother in equal parts, but if either father or mother be dead,

then to the survivor of them, provided, however, that where the father and mother of a person dying intestate have been divorced by valid decree which commits the custody of such person to one of the parents to the exclusion of the other, then the personal estate of such person shall be distributed to that parent to whom such custody has been committed, as sole next of kin, to the exclusion of the other parent."

Under the above statute the next of kin of the deceased child could be the father and mother, or, the next of kin could be one of the parents, if they have been divorced by a valid decree which committed the child's custody to one of them to the exclusion of the other. In such event, both the right of action for the wrongful death and the proceeds of the recovery would pass to that parent as sole next of kin, to the exclusion of the other. If the latter be the case here, the mother would not be a next of kin within the meaning of T.C.A., Tit. 31, § 201, nor an indispensable party to the Tennessee action instituted by the father.

The court made this observation in Ray v. Chandler, Tenn., 482 S.W.2d 553, 554, with respect to the statute T.C.A., Tit. 31, § 201(4):

"This Court has dealt with the language of the statute here at issue in cases where the minor child committed by a valid decree of divorce to the exclusive custody of one parent died, intestate, during the child's minority, unmarried and without issue, and has consistently applied the literal language of the statute holding the parent having custody was the sole next of kin, and would take all the personal property. Black v. Roberts, 172 Tenn. 20, 108 S.W.2d 1097 (1937); Damron v. Damron, 212 Tenn. 14, 367 S.W.2d 476 (1963)."

The plain, clear and unambiguous language of the divorce decree grants the mother no more than reasonable visitation rights. No form of custody as to the mother is mentioned in the language of the decree of divorce. It is averred in the answer and stated in the appellants' brief that the decree of divorce between the parents awarded complete care, custody and control of the minor to the father, at the same time granting all reasonable rights of visitation with the minor to the mother.

The Supreme Court of Tennessee has held that the meaning of the phrase in the statute (T.C.A., Tit. 31, § 201) "commits the custody of such person [minor child] to one of the parents to the exclusion of the other" is not affected by a court decree that grants the excluded parent reasonable visitation rights and that the form of custody granted by the decree remains exclusive custody, within the meaning of T.C.A., Tit. 31, § 201.

That court has said that under its statute (Tit. 31, § 201), giving a parent visitation rights in a divorce decree which awards exclusive custody to the other party, gives that parent no more than the right normally given a parent who by a decree is deprived of the custody of a child.

In Damron v. Damron, 212 Tenn. 14, 24, 367 S.W.2d 476, the court said:

"In our opinion the Chancellor was correct in holding that the divorce decree in this case committed the custody of the child to the mother to the exclusion of the father *within the meaning of subsection (4) of T.C.A. § 31–201. The right of visitation given the father in the decree is no more than the right normally given a parent who by decree is deprived of the custody of a child. It is custody to the exclusion of the other parent, and not a mere right of visitation, that determines the right of inheritance under the statute.*" (Italics supplied)

In the Alabama cases cited by the appellants, the court was not considering a decree of divorce that awarded the custody of a child within the meaning of T.C.A., Tit. 31, § 201, the inheritance statute, but, (1) in Schwaiger v. Headrick, 281 Ala. 392, 203 So.2d 114, a divorce decree that give the father "custody and control on each Saturday and Sunday during specific hours," where the court held that the fa-

ther's failure to comply with an order for support of his child did not constitute abandonment or obviate the need for the natural father's consent as mandated by Code of Ala., Tit. 27, § 6, in a proposed adoption of the child, and (2) in McGowen v. Smith, 264 Ala. 303, 87 So.2d 429, a divorce decree that granted the mother "full complete custody" while the father was granted "the right of visitation with child at all reasonable times and places, including the right to have the infant with him overnight at reasonable times," where, again in an adoption proceeding, the court held that for the consent requirement to be obviated, the parent deprived of custody either must have had absolutely no rights reserved to him, or he must have been found to have abandoned the child, and (3) in Allen v. Allen, 239 Ala. 116, 194 So. 153, a petition to modify a divorce decree, where it does not appear that the court ever entertained, one way or the other, what "custody" coupled with "reasonable visitation rights" means.

Tennessee Code Annotated, Tit. 31, § 201, is not restricted to Tennessee divorce decrees. It provides that if the parents have been divorced "by valid decree," and one "which commits the custody * * * to one of the parents to the exclusion of the other," then inheritance rights pass to the former parent. The language of the decree, divorcing the parents in Alabama, conforms to the statutory requirement of Tennessee which we look to to determine which parent inherits the right of action and the proceeds of recovery. We conclude that the mother was not an indispensable party to the Tennessee action by the father.

We are not advised as to the basis on which the court arrived at its rulings on the respective demurrers to the pleas and the special replications which precipitated the voluntary nonsuit, but we are of the opinion that the court arrived at the correct result on the merits of the case, and in the rather unique situation presented, the method is of no great moment. In James

v. Davis, 209 Ala. 87, 95 So. 346, we find an appropriate statement supporting this observation. We quote:

"In the peculiar circumstances of this case the court attaches no importance to the method by which the result has been reached. The trial court sustained Davis' demurrer on the ground stated above and none other. We place our judgment on a different ground. * * * The result of the court's ruling was proper, whatever may be said of the method by which it was brought about, that result is now conclusive against plaintiff's case, and it could serve no possible good purpose to order a reversal."

The following is taken from 5 C.J.S. Appeal and Error, § 1464(4), p. 675:

"An appellate court, in reviewing a judgment of dismissal or nonsuit is ordinarily not confined to the ground assigned by the lower court but may consider any other legal ground or valid reason for the judgment and affirm the judgment where it is correct on any legal ground, even though the ground or reason stated by the lower court is erroneous.

* * * * * *

"Where the record does not show on what ground the court based its decree of dismissal, but does show ample justification for its action, the decree will be affirmed."

In order to have a right of action in this state, the mother must have been a next of kin of her deceased daughter within the meaning of the statutes of Tennessee. The appeal was presented to us in this manner, and, as we have pointed out, she was not such under the Tennessee wrongful death statute. The right of action and right to the proceeds of recovery passed not to her, but to the father as the sole next of kin. In view of this, the mother was not an indispensable party to the Tennessee action.

Having decided that the appellant Mrs. Spencer was not an indispensable party to

**590**

the Tennessee action, an adverse decision as to her has been reached on the merits of the case. It becomes unnecessary therefore to consider the appellants' further arguments that their demurrer to the appellees' answer, as amended, should have been sustained, and that the appellees' demurrer to their replications should have been overruled, because any decision thereon could not now affect the result of the case.

A judgment will not be reversed by this court for error as to any matter of pleading or procedure unless it appears that the error complained of has probably injuriously affected substantial rights of the parties. Rule 45, Revised Rules of Practice in the Supreme Court, Code of Ala., Tit. 7, Appendix.

The judgment of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and FAULKNER, JJ., concur.