## TURNPIKE COMPANY *v.* FRY.

### (*Nashville.*   December 19, 1889.)

1. MORTGAGE.   *Mortgageor may recover for injury to mortgaged chattel, when.*

   Mortgageor in rightful possession before default may recover the damages for the wrongful destruction of a mortgaged chattel.

   Case cited and approved: 18 Am. Rep., 547, 552.

2. ACTION.   *By part owner of chattel.*

   Judgment for full value of chattel rendered in favor of a part owner in an action for its wrongful destruction, to which the other part owners are not parties, is erroneous, even where it is proved that the latter assented by an arrangement made after the cause of action accrued.

---

#### FROM SUMNER.

---

Appeal in error from Circuit Court of Sumner County.   A. H. MUNFORD, J.

J. J. TURNER and J. W. BLACKMORE for Turnpike Company.

C. R. HEAD, W. C. DISMUKES, and S. F. WILSON for Fry.

SNODGRASS, J.   The defendant in error sued the

turnpike company for $2,000 damages for injuries to horses, resulting in the death of one of them and destruction of a separator, alleged to have been occasioned by defective and improperly constructed road. The defense was, not guilty and want of property in plaintiff. There was verdict and judgment against the company, and it appealed.

On the trial it appeared that the horse killed and the one injured belonged, at the time of the accident, to plaintiff, but that the separator had been bought by plaintiff and John W. Parker from the Aultman-Taylor Company, and these parties had given their notes for it.

It also appeared that, in May, 1887 (the accident being in July following), plaintiff and Parker had mortgaged it to the Aultman-Taylor Company. It was intended, on a fair construction of the mortgage, that the mortgageors were to retain possession and use the property. While so doing it was destroyed, or so wrecked as to be entirely ruined in this accident.

Upon these facts the defendant insisted that the legal title was in the Aultman-Taylor Company, and it alone could sue.

We think this contention not well founded, the mortgageor being lawfully in possession until default. Jones on Mortgages, Sec. 440; American Decisions, Vol. XVIII., pp. 547 to 552, cases cited in notes.

The defendant next objected that the right of action was in Parker and Fry, and that there was

no evidence to sustain a finding in favor of Fry. To meet this objection below, and which is now repeated here, plaintiff undertook to show, that, while nominally the title was in himself and Parker, by an arrangement between themselves, it was really in plaintiff alone. But plaintiff distinctly swears this arrangement was after the accident. There was no evidence to the contrary.

It therefore follows that there was no evidence to sustain the claim of plaintiff to sole ownership when the injury occurred, and the judgment must be reversed and case remanded for a new trial.