Hardy Lee JAMISON, Jr., Father and
Next of Kin of Hardy Lee Jamison,
III, Deceased, Plaintiff-Appellee,

v.

MEMPHIS TRANSIT MANAGEMENT
COMPANY, Defendant-Appellant.

No. 17289.

United States Court of Appeals
Sixth Circuit.

Aug. 2, 1967.

Elmore Holmes, III, Memphis, Tenn., W. Rowlett Scott, Memphis, Tenn., on the brief; Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, Tenn., of counsel, for appellant.

Robert R. Krivcher, and Joe W. Darden, Memphis, Tenn., for appellee.

Before PHILLIPS, CELEBREZZE and McCREE, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a diversity case originating in Tennessee brought for the wrongful death of a five year old child. The complaint was filed under the Tennessee wrongful death statute, T.C.A. §§ 20–607 and 20–608, by the father, a resident of California, on his own behalf and as next of kin of the deceased, against a Tennessee corporation. The mother, who is a resident of Memphis, Tennessee, was not joined as a party to the action.

The father moved from Tennessee to California, where he obtained a divorce in 1964. The divorce decree was silent as to the custody of the deceased child, who had remained with the mother in Memphis. Although both parents have remarried, the father had continued to contribute to the support of the child.

Appellant challenged the jurisdiction of the district court on the ground that under the Tennessee wrongful death statute the right of action for the death of a child vests in both parents, thereby making the mother an indispensable party plaintiff.

The district court overruled appellant's motion to dismiss for lack of jurisdiction and let the case go to the jury, which returned a verdict against appellant for $25,000.

The sole issue on this appeal is whether the mother is an indispensable party

plaintiff, thereby destroying diversity of citizenship.

The present Tennessee wrongful death statute which was in effect at the time of the accident in which the child was killed on February 26, 1965, is set forth in the margin.[1]

The statute now codified as T.C.A. § 20–607 has been amended substantially from time to time, and now differs materially from the earlier versions in Tennessee's three previous official codes, which also are set forth in the margin.[2] The text of T.C.A. § 20–608 is exactly the same as § 8237 of the Code of 1932.

1. "20–607. Injury resulting in death—Succession to cause of action.—The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his next of kin; or to his personal representative, for the benefit of his widow or next of kin; or to his natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered by them, otherwise to his or her legally adoptive parents or parent, or to the administrator for the use and benefit of the said adoptive parents or parent; the funds recovered in either case to be free from the claims of creditors. In the case of the death of a married woman, such right of action shall pass to the surviving husband. [Code 1858, § 2291 (deriv. Acts 1849–1850, ch. 58, § 1; 1851–1852, ch. 17); Acts 1871, ch. 78, § 1; Shan., § 4025; Code 1932, § 8236; Acts 1945, ch. 58, § 1; mod.C.Supp.1950, § 8236; Acts 1953, ch. 210, § 1; 1959, ch. 240, § 1.]"

"20–608. Prosecution of action by representative or widow or next of kin.— The action may be instituted by the personal representative of the deceased or by the widow in her own name, or, if there be no widow, by the children of the deceased or by the next of kin; also, without the consent of the personal representative, either may use his name in bringing and prosecuting the suit, on giving bond and security for costs, or in the form prescribed for paupers. The personal representative shall not, in such case, be responsible for costs, unless he sign his own individual name to the prosecution bond. [Code 1858, § 2292 (deriv. Acts 1849–1850, ch. 58, §§ 1, 2; 1851–1852, ch. 17); Acts 1871, ch. 78, § 2; Shan., § 4026; mod. Code 1932, § 8237.]"

2. Code of 1858:
"2291. The right of action, which a person who dies from injuries received from another, or whose death is caused by the wrongful act or omission of another, would have had against the wrong-doer, in case death had not ensued, shall not abate or be extinguished by his death; but shall pass to his personal representative for the benefit of his widow and next of kin, free from the claims of his creditors."

Code of 1932:
"8236 4025 (2291). Right of action for wrongful injuries resulting in death or for wrongful killing does not abate, but passes to whom. The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his next of kin; or to his personal representative, for the benefit of his widow or next of kin, in either case free from the claim of creditors. (1849–50, ch. 58, sec. 1; 1851–52, ch. 17; 1871, ch. 78, sec. 1.)"

1950 Supplement to Code of 1932:
"8236 4025 (2291). Right of action for wrongful injuries resulting in death or for wrongful killing does not abate, but passes to whom.—The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his widow, and, in case there is no widow, to his children or to his next of kin; or to his personal representative, for the benefit of his widow or next of kin; where his or her natural parents or parent or next of kin are unknown, then to his or her legally adoptive parent or parents, or to the administrator for the use and benefit of the said adoptive parents or parent; the funds recovered in either case to be free from the claims of creditors. (1849–50, ch. 58, sec. 1; 1851–52, ch. 17; 1871, ch. 78, sec. 1; 1945, ch. 58, sec. 1, modified.)"

The reported decisions of the Tennessee Appellate Courts on this subject, many of which are cited in the briefs in the present case, are to be read in the light of the language of the statute in effect at the time the decision was rendered.

■ The wrongful death statute does not create a new cause of action, but simply preserves the decedent's right of action which otherwise would be extinguished by his death. Sharp v. Cincinnati, N. O. & T. P. Ry. Co., 133 Tenn. 1, 179 S.W. 375, Ann.Cas.1917C 1212. The right and remedy given are entirely of statutory origin, and exist and can be pursued only under the circumstances and in the mode prescribed by the statute. Webb v. East Tennessee, V. & G. Railway Co., 88 Tenn. 119, 12 S.W. 428.

It was not until 1959 that T.C.A. § 20–607 was amended by inserting the provision that the right of action for the wrongful death of a child shall pass "to his natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered by them, otherwise to his or her legally adoptive parents or parent." [3]

Prior to the enactment of the 1959 amendment, the Supreme Court of Tennessee held that the surviving parents are entitled, as next of kin, to maintain an action for the wrongful death of their child, and that both the surviving mother and the surviving father are real parties in interest. Gogan v. Jones, 197 Tenn. 436, 441, 273 S.W.2d 700.

Also prior to 1959, the Tennessee Court of Appeals held that when a suit had been commenced by a father for the wrongful death of his child, an amendment thereafter would be allowed to include the mother as a party plaintiff. The court held that such an amendment would be allowed even though the mother's right of action was barred by the statute of limitations, since the amendment related back to the filing of the original suit and did not introduce a new cause of action. In that case the court expressly pretermitted the question of whether the father could have maintained the action on behalf of both himself and his wife without joining her as a party plaintiff. Mosier v. Lucas, 30 Tenn.App. 498, 207 S.W.2d 1021.

■ The district court correctly held that the Tennessee wrongful death statute creates one, and only one, right of action in the survivors of decedent, no matter how many persons may be entitled to share therein. Wilson v. Barton, 153 Tenn. 250, 254, 283 S.W. 71.

■ In a case decided in 1963, after the enactment of the 1959 amendment, where the parents had been divorced prior to the death of their child and the divorce decree awarded exclusive custody to the mother and only visitation rights to the father, the right of action for the wrongful death of the child was held to be vested exclusively in the mother. Damron v. Damron, 212 Tenn. 14, 367 S.W.2d 476. In the absence of an award of custody in the divorce decree, the right of action vests equally in both parents "regardless of questions of support or physical care." Damron v. Damron, supra, 212 Tenn. at 24, 367 S.W.2d at 480.

In Anderson v. Anderson, 211 Tenn. 566, 366 S.W.2d 755, also decided in 1963, it was held that a father who had abandoned his child was entitled to share equally with the mother in the recovery for the child's wrongful death.

Both Damron v. Damron and Anderson v. Anderson were decided, not upon the language of the 1959 amendment which was in effect at that time, but upon the basis that the father and mother are the next of kin of their deceased child and share equally in the distribution of personalty under the Tennessee statute of distribution, T.C.A. § 20–609.

The district court held that the joinder of parties is controlled by Rule 17(a)

3. Acts 1959, Ch. 240, § 1, effective March 13, 1959.

and Rule 19 of the F.R.Civ.P. He interpreted Rule 19, however, so as to hold that the mother is not an indispensable party to the present action.[4]

Where, as here, the substantive rights of the parties are founded on State law, it is essential that State law be examined in determining whether a party is "indispensable," although the question of the joinder of parties is controlled by the Federal rules. Only then can we ascertain whether the substantive rights of the mother in this cause of action are such as to constitute her an "indispensable" party; see the excellent discussion of this subject by Judge Wisdom in Kuchenig v. California Co., 350 F.2d 551 (C.A.5), cert. denied, 382 U.S. 985, 86 S.Ct. 561, 15 L.Ed.2d 473; see also Kroese v. General Steel Castings Corp., 179 F.2d 760 (C.A.3), cert. denied, 339 U.S. 983, 70 S.Ct. 1026, 94 L.Ed. 1386.

There can be no doubt under the foregoing decisions that the mother shares equally with the father as next of kin under Tennessee law in the right of recovery for the wrongful death of the child in the present case. This result is not changed by the 1959 amendment providing that the right of action passes to "his natural parents or parent." The primary purpose of the 1959 amendment was to define more clearly the rights of natural parents and adoptive parents, and not to change the existing rule that surviving natural parents have a joint right of action, with equal interests therein, as the surviving next of kin of the child. Damron v. Damron, supra, and Anderson v. Anderson, supra. We construe these words of the 1959 amendment to mean that the right of action vests in both parents if both parents survive, and in the surviving parent if only one parent survives. If the surviving parents are divorced, the right of action nevertheless vests in both of them, unless the divorce decree granted exclusive custody of the child to one parent, in which event the right of action passes to the parent to whom custody has been awarded by the decree of divorce, and this is true regardless of questions of support or physical care. Damron v. Damron, supra.

The 1966 amendment to Rule 19 of the F.R.Civ.P. discarded the time honored categories of "indispensable," "necessary" and "proper" parties "to eliminate formalistic labels that restricted many courts from an examination of the practical factors of individual cases." 2 Barron & Holtzoff, Federal Practice and Procedure (Wright's Ed.), 1967 pocket supplement § 511, at 23. Applying Rule 19(b) as it existed prior to the 1966 amendment, the district court apparently considered the mother to be a necessary party, but not an indispensable party.

Prior to the 1966 amendment, 2 Barron & Holtzoff, Federal Practice and Procedure (Wright's Ed.) § 511 at 85–87, described the distinction between "indispensable" parties and "necessary" parties as follows:

> "Rule 19 deals with compulsory joinder of parties. It recognizes the time-honored classes of 'indispensable,' 'necessary' and 'proper' parties, first developed in the equity courts, and requires joinder, if possible, of parties falling into the first two of these classes.
>
> "Indispensable parties are those without whom the action cannot proceed. They must be joined even if by such joinder the court loses jurisdiction over the controversy.
>
> " 'Necessary parties' are those who have an interest in the controversy but whose interests are separable and will not be directly affected by a decree rendered in their absence, which does full justice between the parties before the court.

---

4. The memorandum opinion of the district court was rendered February 16, 1966, and was based upon the provisions of Rule 19 in effect prior to the 1966 amendments.

"The term 'necessary parties' is a misnomer. It does not mean 'essential parties'. Rather it means 'desirable parties' as distinguished from indispensable parties, on the one hand, and from proper parties, on the other hand. It means 'parties who should be joined, if feasible'."

In Kentucky Natural Gas Corp. v. Duggins, 165 F.2d 1011, 1015 (C.A.6), this court, speaking through the late Judge Shackelford Miller, Jr., said:

"Jurisdiction of the District Court was claimed by the original petition, and existed, by reason of diversity of citizenship and the amount in controversy. Section 41(1) Title 28 U.S.C.A. When Federal jurisdiction is grounded on diversity of citizenship such diversity of citizenship must exist between all the plaintiffs on the one hand and all the defendants on the other. If the person is an indispensable party to the action it is necessary that he be made a party to the suit either as a plaintiff or a defendant, and he will be aligned by the Court in accordance with his real interest in the controversy, even though such an alignment may destroy the necessary diversity of citizenship and result in a loss of jurisdiction. (Citations omitted.) In the application of this rule parties to an action are classified as (1) formal parties, (2) necessary but not indispensable parties, and (3) indispensable parties, who are defined as 'Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.' Shields, et al. v. Barrow, 17 How. 130, 15 L.Ed. 158; State of Minnesota v. Northern Securities Co., 184 U.S. 199, 246, 22 S.Ct. 308, 46 L.Ed. 499 * *."

In Gaw v. Higham, 267 F.2d 355, 357 (C.A.6), cert. denied, 360 U.S. 933, 79 S.Ct. 1453, 3 L.Ed.2d 1546, this court said:

"Indispensability of parties is determined on practical considerations. Shaughnessy v. Pedriero, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868. An indispensable party is one who not only has an interest in the controversy but an interest of such a nature that a final decree can not be made without either affecting that interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience."

In Shields v. Barrow, 58 U.S. 137, 149–150, 15 L.Ed. 158, the Supreme Court said:

"[A] circuit court can make no decree affecting the rights of an absent person, and can make no decree between the parties before it, which so far involves or depends upon the rights of an absent person, that complete and final justice cannot be done between the parties to the suit without affecting those rights."

To like effect see Mallow v. Hinde, 25 U.S. 193, 196, 6 L.Ed. 599; Young v. Powell, 179 F.2d 147 (C.A.5), cert. denied, 339 U.S. 948, 70 S.Ct. 804, 94 L.Ed. 1362; St. Louis I. M. & S. Ry. Co. v. Needham, 52 F. 371 (C.A.8).

In Schuckman v. Rubenstein, 164 F.2d 952, 955–956 (C.A.6), cert denied, 333 U.S. 875, 68 S.Ct. 905, 92 L.Ed. 1151, this court said:

"It is well settled that when federal jurisdiction is grounded on diversity of citizenship such diversity of citizenship must exist between all the plaintiffs on the one hand and all the defendants on the other. Indianapolis v. Chase National Bank, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. If one of the defendants is an indispensable party to the action, and his joinder in the suit destroys diversity of citizenship, he must nevertheless be joined as a party with the resulting loss of jurisdiction by the trial court. Baltimore

& Ohio R. v. Parkersburg, 268 U.S. 35, 45 S.Ct. 382, 69 L.Ed. 834."

Both before and after the 1966 amendment, Rule 17(a) requires that "Every action shall be prosecuted in the name of the real party in interest." Revised Rule 19 abolishes the distinction between "indispensable," "necessary" and "proper" parties and refers to "persons needed for just adjudication." Revised Rule 19(a) requires the joinder of a party if:

"(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Revised Rule 19(b) sets forth four factors to be considered in determining whether a person must be joined as a party.[5]

Under the facts in the present case, we conclude that the result must be the same whether the former Rule 19 or the 1966 amendment to Rule 19 is applied.[6]

■ For the reasons and upon the authorities above set forth, we conclude

that the mother of the deceased child is an indispensable party to the present case. This is simply a case where the father, a citizen of California, and the mother, a citizen of Tennessee, jointly possess a right of action against appellant, a Tennessee corporation, for the wrongful death of their son. Unless the mother be joined as a party plaintiff, no judgment can be entered that would be binding upon her. Applying the third factor in Revised Rule 19(b) (Footnote 5), a judgment rendered in her absence would not be adequate. Applying the fourth factor, the father and mother will have an adequate remedy in the State courts, for reasons hereinafter set forth, if the action is dismissed for nonjoinder. If the appellant ultimately is held to be liable for the wrongful death of the child involved in the present case, it could not obtain complete exoneration from its liability except by payment to both parents or the execution of a release by both the father and mother.

Whether Rule 19(b) be applied as it existed prior to the 1966 amendment, or in its amended form, we hold that the mother is an indispensable party to the action. If the suit is to be filed by the father and mother as surviving parents or next of kin, it cannot be maintained in federal court because of lack of diversity of citizenship. Such an action filed by the father and mother under these circumstances is a case for submission

---

5. Rule 19(b)

"(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a) (1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence

will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

6. The 1967 Pocket Part of 2 Barron & Holtzoff Federal Practice and Procedure (Wright's Ed.) § 511 at 25 contains this comment:

"The new emphasis of the amended rule is evident from the title, which speaks of 'Joinder of Persons Needed for Just Adjudication,' where the old rule spoke of 'Necessary Joinder of Parties.' The new rule will produce a change of method, more than of result. Probably most cases will be decided the same way under the new rule as under the old, but the new rule requires the court to face squarely the pragmetic considerations which properly should be controlling."

to a Tennessee State court, where the citizenship of the mother would present no jurisdictional obstacle.

When appellant's motion to dismiss was first made at the trial of this case, the suggestion was made that it might be a good idea to amend the complaint so as to show that the father was bringing the action for the benefit of both himself and the mother, rather than as "father and next of kin." We find nothing in the record to indicate that such an amendment ever was made. Even if the complaint were so amended, it would not change the conclusion we reach in this case. We find no authority since the enactment of the Tennessee Married Women's Emancipation Act of 1913, T.C.A. § 36–601, for the filing of a suit by a husband on behalf of his wife as beneficiary. The emancipation act expressly confers upon married women the right to sue and be sued in their own names. Assuredly a former husband, now divorced and remarried, cannot maintain an action for the use and benefit of his former wife.

By reversing the judgment of the district court, this court does not deprive the father and mother of this deceased child of whatever rights they may have to maintain an action against appellant in the State courts of Tennessee. The Tennessee saving statute, T.C.A. § 28–106, which provides for the commencing of a new action after an adverse decision which has not foreclosed the merits of the case, would seem to be applicable to the instant case. This statute encompasses a case where an appellate federal court has dismissed the case for lack of jurisdiction, and would allow the plaintiff to file his suit in state court, provided that he does so within one year after the dismissal. Adcox v. Southern Ry. Co., 182 Tenn. 6, 184 S.W.2d 37, 156 A.L.R. 1091; Rye v. DuPont Rayon Co., 163 Tenn. 95, 40 S.W.2d 1041; Burns v. Peoples Tel. & Tel. Co., 161 Tenn. 382, 33 S.W.2d 76; Davis v. Parks, 151 Tenn. 321, 270 S.W. 444; Green v. Prince, 53 Tenn.App. 541, 385 S.W.2d 127. See also Privett v. West Tennessee Power Co., 19 F.Supp. 812 (W.D.Tenn.), aff. 103 F.2d 1021 (C.A.6). In Burns v. Peoples Tel. & Tel. Co., 161 Tenn. 382, 33 S.W.2d 76, the Tennessee Supreme Court overruled Sweet v. Chattanooga Electric Light Co., 97 Tenn. 252, 36 S.W. 1090, which had appeared to stand for the proposition that after a dismissal in federal court for want of jurisdiction the action could not be brought in State court under the saving statute.

We conclude that the district court erred in overruling appellant's motion to dismiss for lack of an indispensable party whose citizenship would eliminate jurisdiction of the subject matter.

The judgment of the district court is reversed and the case is remanded with instructions to dismiss the complaint.