697 F.2d 160
 M.C. JENKINS, Heir at Law to Mrs. Flora Jenkins, Deceased,
for Himself and All Other Heirs at Law, Plaintiff-Appellant,
v.
James RENEAU, III, and R. Ken Witcher, Defendants-Appellees.
M.C. JENKINS, Plaintiff-Appellant,
v.
Mary Emma RENEAU, Administratrix for the Estate of the Late
James Reneau, Jr., Deceased, Defendant-Appellee.
 Nos. 81-5787, 82-5156.
 United States Court of Appeals,
Sixth Circuit.
 Submitted on Briefs Oct. 26, 1982.
Decided Jan. 14, 1983.
 
 B. Harvey Sanderson, Cookeville, Tenn., for Mary Emma Reneau.
 John R. Meldorf, Meldorf & Young, Chattanooga, Tenn., for plaintiff-appellant.
 R. Vann Owens, Leitner, Warner, Owens, Moffitt, Williams & Dooley, Chattanooga, Tenn., for James Reneau.
 Before LIVELY and KENNEDY, Circuit Judges, and WILHOIT, District judge.*
 LIVELY, Circuit Judge.
 
 
 1
 The plaintiff appeals from dismissal of an action in which he charged the defendants with malpractice. The defendants are residents of Tennessee who are attorneys licensed to practice in that state. The plaintiff is a resident of Alabama, and jurisdiction of the district court was premised upon diversity of citizenship. The district court found that complete diversity was lacking, and dismissed for want of jurisdiction.
 
 
 2
 The plaintiff brought this action as an heir at law of Flora Jenkins, deceased, for himself and all other heirs at law. The plaintiff stated in the complaint that after his mother, Flora Jenkins, died as the result of a fall in a nursing home in Tennessee, he employed the defendants to proceed with a lawsuit against the nursing home and its owners and operators. After agreeing to the representation, according to the complaint, the defendants permitted the statute of limitations to run without commencing a legal action. The plaintiff asserted that but for the negligence of the defendants, an action against the nursing home would have been successfully prosecuted. The complaint sought both compensatory and punitive damages.
 
 
 3
 In their answer the defendants denied that the district court had subject matter jurisdiction on the basis of diversity of citizenship. The defendants pled affirmatively that the only heir of Flora Jenkins other than the plaintiff was a daughter, Mrs. Cleone Grant, who was a resident and citizen of Tennessee. It was also alleged that Mrs. Grant was "a necessary and indispensible" party who was required to be joined in the action in that Mrs. Grant was "a joint obligee or beneficiary with M.C. Jenkins of any duty owed by these defendants." The defendants filed a copy of a contract of employment as an exhibit to the answer. By this contract Cleone J. Grant and M.C. Jenkins employed the Birmingham, Alabama law firm of Keith, Keith & Keith to represent them in the matter of their mother's death. The defendants admitted that they assumed some legal responsibilities to the plaintiff by an agreement to become associated with Keith, Keith & Keith, but denied breaching any obligation to M.C. Jenkins or Cleone J. Grant. The defendants also filed a motion to dismiss for lack of diversity of citizenship and for failure to join an indispensible party as required by Rule 19, Federal Rules of Civil Procedure.
 
 
 4
 Following a hearing on the motion to dismiss the district court entered an order in which it found that Cleone Grant, an heir of Flora Jenkins and a party to the contract for legal services, was a person whose presence was needed "for a just and complete adjudication of this matter." The order directed that Mrs. Grant be made a party plaintiff. The district court then dismissed the action upon finding that diversity was lacking.
 
 
 5
 Rule 17(a), F.R.Civ.P., requires every action to be prosecuted in the name of the real party in interest. Rule 19(a), F.R.Civ.P., requires the joinder of a person subject to process and "whose joinder will not deprive the court of jurisdiction over the subject matter of the action ... if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest." Rule 19(b) deals with the determination to be made by the court when joinder is not possible. It does so by reference to persons described in 19(a) and sets forth factors to be considered by the court:(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.
 
 
 6
 This court discussed and applied Rule 19(b) in Jamison v. Memphis Transit Management Co., 381 F.2d 670 (1967), a diversity action from Tennessee. In Jamison the father of a child who had been killed in Tennessee brought a wrongful death action against a Tennessee corporation in the district court at Memphis. The father and mother of the child were divorced, and the father was a resident of California. The defendant moved to dismiss for lack of jurisdiction on the ground that the mother, a Tennessee resident, was an indispensible party in the wrongful death action and joining the mother would destroy diversity. The district court dismissed for lack of jurisdiction and the plaintiff appealed. Judge Phillips, writing for a panel of this court, concluded that under Tennessee law the mother was an indispensible party in the statutory wrongful death action since she and the father had a joint right of action against the defendant. The court further found that unless the mother was joined no judgment could be entered which would be binding on her. Such a judgment would not be "adequate" under the third factor listed in Rule 19(b). Further, under the Tennessee "saving statute," the mother and father would be permitted to file an action in a state court within one year after dismissal of their federal court action. Thus, the fourth factor of Rule 19(b) was satisfied in that dismissal would not deprive the parents of an adequate remedy. Id. at 677.
 
 
 7
 We will subject the present appeal to the same analysis. Any duty which the defendants owed the plaintiff M.C. Jenkins arose from the contract of employment with the Birmingham law firm which subsequently associated the defendants as Tennessee counsel. Both the plaintiff M.C. Jenkins and his sister Mrs. Cleone J. Grant were parties to the contract. The complaint in the district court charged the defendants with negligence in permitting the statute of limitations to run on the plaintiff's cause of action. Though the relationship between the plaintiff and the defendants grew out of contract, the plaintiff did not sue for breach of contract. He sued for negligence, a tort action. The contract created a duty, which the defendants were alleged to have breached. The duty of competent legal representation was owed jointly to M.C. Jenkins and Cleone J. Grant. If the joint right to recover for breach of that duty could not be severed under Tennessee law, M.C. Jenkins had no right to sue individually for negligence without joining Mrs. Grant as a party.
 
 
 8
 We have found no Tennessee case which discusses the question of necessary or indispensible parties to an action for legal malpractice. However, Tennessee has long required joinder in tort cases generally. In Gallatin & N. Turnpike Co. v. Fry, 88 Tenn. 296, 12 S.W. 720 (1889), the Supreme Court of Tennessee held that one joint owner of personal property could not maintain an action for its negligent destruction without joining the other joint owner. In Teas v. Luff-Bowen Co., 147 Tenn. 651, 251 S.W. 44 (1923), the Supreme Court of Tennessee quoted with approval from 20 Ruling Case Law 675, "Persons jointly affected by tort must join in an action to recover for the injury." 251 S.W. at 46.
 
 
 9
 The injury for which the plaintiff sought damages in this action was deprivation of the right to competent legal representation under the contract of employment. Since the obligation of the defendants was jointly to the brother and sister, both should have been plaintiffs in the district court action. However, Mrs. Grant could not have been joined without depriving the court of subject matter jurisdiction as complete diversity is required to confer jurisdiction. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Because Mrs. Grant could not be made a party without depriving it of jurisdiction joinder was not feasible and the district court was required to consider the factors listed in Rule 19(b). We conclude that the district court gave proper consideration to those factors.
 
 
 10
 The first factor in Rule 19(b) is the extent to which a judgment rendered in the absence of a person might be prejudicial to that person. If Jenkins were permitted to proceed alone and lost this case, Mrs. Grant would be prejudiced. As Jenkins pointed out in his brief, limitations has run and no new action could be maintained under Tennessee law. The second factor is the extent to which a judgment could be shaped to lessen or avoid the prejudice. Since Mrs. Grant would be barred by limitations from bringing an action on her own behalf, there appears no way to protect her interests and still permit the action by Jenkins to go forward. The third factor is whether a judgment rendered in the absence of the person would be adequate. The district court concluded that the absence of one of the joint possessors of the claim would prevent "a just and complete adjudication of the matter." The analysis of the first three factors is reinforced by the Tennessee rule which requires the parties to act jointly where a jointly-held right or interest has been injured.
 
 
 11
 The fourth Rule 19(b) factor is whether the plaintiff would have an adequate remedy if the action is dismissed. Here, the Tennessee "saving statute" would come into play. Since Jenkins sought to sue for himself and Mrs. Grant in federal court, following dismissal for lack of jurisdiction the right of both to bring suit in a state court is preserved by the saving statute. Jamison, supra, 381 F.2d at 677.
 
 
 12
 We conclude that Mrs. Grant was both the real party in interest and an indispensible party to this action and that the district court did not abuse its discretion in dismissing the action. See Walsh v. Centeio, 692 F.2d 1239 (9th Cir.1982). The Rule 19(b) analysis having led to the conclusion that the action should not proceed without Mrs. Grant, it was not necessary for the court to join her before dismissing.
 
 
 13
 The judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Henry Wilhoit, Judge, U.S. District Court for the Eastern District of Kentucky, sitting by designation