782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
POI ENERGY, INC., Plaintiff-Appellant, Cross-Appellee,
v.
JAMES DRILLING CORPORATION; JAMES I. SHEARER,
Defendants-Appellees, Cross- Appellants.
 84-3903, 84-3922
 United States Court of Appeals, Sixth Circuit.
 12/19/85
 
 BEFORE: JONES and CONTIE, Circuit Judges; and DEMASCIO, District Judge*.
 Per Curiam.
 
 
 1
 Plaintiff appeals the dismissal of this diversity action brought to settle a dispute regarding conflicting oil leases for the same parcels of land. The trial court ruled that the landowners of these parcels, who were not joined in this action, were required to be joined under Rule 19, Fed. R. Civ. P. We agree with the trial court's conclusion and, it being apparent that the joining of at least some of these landowners would defeat diversity, we affirm the dismissal.
 
 
 2
 POI Energy, Inc. ('POI'), the plaintiff-appellant, is an Ohio corporation with its principal place of business in Ohio. The defendant-appellee James Drilling Corporation ('JDC') is a Pennsylvania corporation with its principal place of business in that state. Co-defendant James Shearer is the president of JDC and a Pennsylvania resident. POI entered into oil and gas leases for several tracts of land located in Ashtabula County, Ohio. JDC has similar leases for the same parcels which predated those of POI. POI brought this action in federal court in Ohio seeking a declaration that the JDC leases had expired due to JDC's alleged failure to commence drilling. POI also sought to quiet its title in the leaseholds and other equitable relief.
 
 
 3
 The lessors of these parcels were not named in the complaint. Also not named were the lessors of other JDC leases to land adjacent to the disputed parcels. The JDC leases to both sets of tracts had been 'unitized' by JDC, under Unitization Declarations, which gave the adjacent landowners a right to a share of the royalties from oil or gas drilled by JDC on the disputed land.
 
 
 4
 Rule 19(a), Fed. R. Civ. P., requires, in part, that a person must be joined in an action if:
 
 
 5
 (1) in his absence complete relief cannot be accorded among those already parties; or
 
 
 6
 (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of . . . inconsistent obligations.
 
 
 7
 The nature of the interest of such a person in a diversity action is defined by state law. Jamison v. Memphis Transit Management Co., 381 F.2d 670, 674 (6th Cir. 1967). POI seeks to have the JDC leases and the Unitizations Declarations set aside. Ohio law provides that in an action to cancel an oil or gas lease the plaintiff must join 'those who then appear of record . . . to own or have an interest in such lease . . ..' Ohio Rev. Code Ann. Sec. 5301.10 (Baldwin, 1971). It is obvious that the trial court was correct in ruling that the landowners, whose leases would be cancelled if POI were to prevail, must be joined if feasible.
 
 
 8
 The court below found that joining the lessors would defeat diversity and would deprive the court of jurisdiction. All the lessors are Ohio residents. It is apparent from the record and the nature of this case that the adjacent landowners, who stand to lose their interest in the disputed parcels and would gain nothing if POI prevails, should properly be joined as defendants. See City of Indianapolis v. Chase National Bank, 314 U.S. 63, 64-70 (1949); Reed v. Robilio, 376 F.2d 392, 394 (6th Cir. 1967). Since this would defeat diversity under 28 U.S.C. 1332(a)(1), the joinder of these lessors is not feasible.
 
 
 9
 If parties who should be joined cannot be joined, Rule 19(b) requires the court to determine, by considering the pragmatic considerations set forth in the rule, 'whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.' See Provident Tradesmen Bank & Trust Co. v. Patterson, 390 U.S. 102, 106-09 (1968). This determination is in the sound discretion of the trial court. Jenkins v. Reneau, 697 F.2d 160, 163 (6th Cir. 1983). Our review of the record shows that the court did not abuse its discretion in ruling that this action must be dismissed.
 
 
 10
 JDC has cross-appealed the trial court's provisional finding that POI did not properly allege the $10,000 amount in controversy required for diversity jurisdiction. Because of our holding above we need not and do not reach this question. We note, however, that in making this finding, the court below considered only the four leases that remained in dispute after the defendant's answer to the complaint. The original complaint alleged a dispute over twelve leases. The court should have determined the amount alleged in good faith at the time the action commenced, that is, by considering the allegations in the initial complaint. Sellers v. O'Connell, 701 F.2d 575, 578 (6th Cir. 1983); Worthams v. Atlanta Life Insurance Co., 533 F.2d 994, 997 (6th Cir. 1976).
 
 
 11
 The judgment of the district court is affirmed.
 
 
 12
 DeMASCIO, District Judge, concurring.
 
 
 13
 While I fully agree with the opinion of the court on the Rule 19 issue, I write separately to emphasize the role of the district court in determining whether the $10,000 jurisdictional amount was met in this case. I believe the district court has a duty to inquire into the basis of plaintiff's claimed damages when a defendant challenges the plaintiff's good faith allegation.
 
 
 14
 The general rule is that the amount claimed by the plaintiff in good faith controls unless the plaintiff's allegation is challenged by the defendant. Sellers v. O'Connell, 701 F.2d 575, 578 (6th Cir. 1983). By their answer and motion to dismiss, the defendants in this case disputed the existence of the jurisdictional amount. Once challenged, the plaintiff bears the burden of supporting his allegation by competent proof. Id.; Lister v. Commissioners Court, Navarro County, 566 F.2d 490, 492 (5th Cir. 1978). Here, instead of passively accepting the amount claimed by the plaintiff as controlling as suggested by the opinion of the court, the district court should have inquired into the factual basis of plaintiff's claims. Indeed, a district court would be remiss in its obligation to oversee its own jurisdiction if it were to accept a challenged damage claim at face value. Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039, 1052 (5th Cir. 1982).
 
 
 
 *
 Honorable Robert E. DeMascio, United States District Judge for the Eastern District of Michigan, sitting by designation