**Thomas HILL and Howard McPherson**

v.

**Frank WHITE, Betty White, John Vosberg, and Lawrence Wilson.**

No. 3:95–0803.

United States District Court,
M. Tennessee,
Nashville Division.

May 16, 1996.

Donald S. Caulkins, Sr., Franklin, TN, for plaintiffs.

Irwin Bruce Venick, Lawrence Doyle Wilson, Nashville, TN, for defendants.

### MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court is a Motion to Dismiss filed by Defendants Frank White, Betty White and John Vosberg. (Docket No. 3). Defendant Lawrence D. Wilson has joined in the Motion to Dismiss. (Docket No. 9). Defendants contend that H/M Mid–South Enterprises, Inc. d/b/a, a/k/a ReMax of

Tennessee/Kentucky, Inc. ("ReMax") is an indispensable party to this lawsuit under Rule 19 of the Federal Rules of Civil Procedure. If ReMax is joined, Defendants argue, the Court should dismiss this case because it would no longer have diversity jurisdiction.

Plaintiffs have sued the Defendants for malicious prosecution under Tennessee law. According to the Complaint, Defendants Frank White, Betty White and John Vosberg were represented by Defendant Lawrence D. Wilson, an attorney, in a suit brought by the Whites and Vosberg against Plaintiffs Thomas Hill, Howard McPherson, and ReMax in April, 1990 in the Circuit Court for Williamson County, Tennessee. (Complaint, ¶ III). That lawsuit, according to the Complaint, accused Hill and McPherson, individually, and ReMax of breach of a franchise contract with the Whites and Vosberg, fraud, breach of trust, violation of fiduciary duty, fraud, misapplication of funds, and violation of the Tennessee Consumer Protection Act, § 47–18–101, *et seq.*, and sought approximately two million dollars in damages. (Complaint, ¶¶ III, IV, V).

The case was tried in March, 1995. (Complaint, ¶ VI). Before the state court submitted the case to the jury, it dismissed all allegations made by Vosberg against McPherson, and all but one of the allegations made by the Whites against McPherson. (Complaint, ¶ VII). The court also dismissed the breach of contract claim against Hill before submitting the case to the jury. (*Id.*) The jury found for Hill, McPherson, and ReMax on all claims. (Complaint, ¶ VIII).

In this suit, Plaintiffs allege that the state court action was a malicious prosecution and that their damages include attorneys' fees, costs associated with defending themselves in the previous suit, loss of business revenues, health problems caused by the stress and anxiety of the lawsuit, impairment of their credit, injury to their business and personal reputations, and mental anguish. (Complaint, ¶ 10).

The Complaint alleges diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff Hill is alleged to be a resident of Missouri, and Plaintiff McPherson is alleged to be a resident of Florida. Defendants are all alleged to be citizens of Tennessee. The parties appear to agree that ReMax is a Tennessee corporation, and that its joinder would defeat the Court's diversity jurisdiction.

Rule 19 of the Federal Rules of Civil Procedure sets forth a framework for analyzing whether a person is needed for just adjudication, *i.e.,* an "indispensable party." First, the Court is to determine whether the person is one who should be joined if feasible under Rule 19(a), *i.e.,* a "necessary party." *See Keweenaw Bay Indian Community v. State,* 11 F.3d 1341, 1345–46 (6th Cir.1993). In making this determination, the Court is to consider:

(1) if, in the person's absence, complete relief cannot be accorded among those already parties; or

(2) whether the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

(i) as a practical matter impair or impede the person's ability to protect that interest; or

(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). If the Court finds that either of these two provisions apply, the person is one who should be joined if feasible.

Rule 19(a) provides that the Court *shall* join this person as a party if he is subject to service of process and his joinder will not deprive the court of subject matter jurisdiction. If, on the other hand, joinder of this person would deprive the court of subject matter jurisdiction, the Court must determine whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b).

The Rule sets forth the following factors to be considered by the Court in making this determination:

(1) To what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) The extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) Whether a judgment rendered in the person's absence will be adequate; and (4) Whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

■ Before applying the Rule 19 analysis to this case, the Court notes that, in order to establish the essential elements of a malicious prosecution claim in Tennessee, a plaintiff must show that: (1) a prior suit or judicial proceeding was brought against the plaintiff without probable cause; (2) the defendant brought the prior action with malice; and (3) the prior action was finally terminated in favor of the plaintiff. *See, e.g., Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992).

■ The first alternative criteria under Rule 19(a) requires the Court to determine whether "complete relief cannot be accorded among those already parties." In this case, the Plaintiffs seek only monetary damages from the Defendants. Obtaining that relief from the Defendants does not require joinder of ReMax.

Defendants appear to argue, however, that complete relief cannot be accorded among the parties already named because the damages alleged by Plaintiffs, such as legal fees and costs incurred in the prior suit, loss of business revenues, and injury to business and personal reputations, are "inextricably interwoven" with any damages ReMax may have suffered as a result of the prior suit. In arguing that ReMax should be made a party, Defendants point to the need to deduct ReMax's share of these damages.

The Court is not persuaded that this damage calculation issue requires joinder of ReMax. The burden is on the Plaintiffs to show that the elements of damage they claim are the proximate result of the malicious prosecution. *Pullen v. Textron, Inc.*, 845 S.W.2d

777, 780 (Tenn.Ct.App.1992). That Plaintiffs will be required to deduct certain amounts from their damage claims to reflect the share attributable to ReMax does not mean that ReMax must be made a party to this action.

Defendants also argue that ReMax should be joined because Tennessee law favors joinder in tort claims. Plaintiffs contend, on the other hand, that this suit relates to the malicious prosecution of them in their individual, as opposed to their corporate, capacities. Consequently, Plaintiffs argue, ReMax's claim, if any, is different from the claims of the individual Plaintiffs.

In fact, Plaintiffs have filed, with their response to the motion to dismiss, an affidavit executed by Plaintiff McPherson, as general partner of the partnership that owns ReMax, stating that he and Plaintiff Hill are sole owners of ReMax, and that ReMax disclaims any interest in this suit. The affidavit further states that after consultation with counsel, Plaintiff McPherson does not believe that ReMax has a valid malicious prosecution claim against Defendants.

In support of their argument that ReMax should be joined, Defendants cite *Jenkins v. Reneau*, 697 F.2d 160, 162 (6th Cir.1983). In *Jenkins*, the defendants filed a motion to dismiss for failure to join an indispensable party and for lack of diversity jurisdiction. 697 F.2d at 161. The defendants were partners in a law firm that had contracted to represent two of the heirs of Flora Jenkins in an action against the nursing home where Ms. Jenkins was fatally injured. *Id.* The plaintiff, one of the two heirs, sued the defendants for legal malpractice. *Id.* The trial court agreed with the defendants that the other heir was an indispensable party, and that joinder of the other heir would destroy diversity jurisdiction. *Id.*

On appeal, the Sixth Circuit upheld the district court's decision, determining that both heirs were required to be joined because any duty owed to the plaintiff arose from the contract with the law firm to which both heirs were parties. 697 F.2d at 162. In reaching its decision, the court explained that in cases in which plaintiffs are jointly affected by a tort, Tennessee law requires joinder. *Id.*

Unlike the factual situation in *Jenkins*, and the cases cited by the *Jenkins* court, however, the Plaintiffs in this case and ReMax do not jointly possess an identical claim. In the *Jenkins* situation, a court could not find for one of the heirs on the substantive malpractice claim without also finding for the other heir. In this case, by contrast, it is possible that a jury could find that the Defendants are liable for the malicious prosecution of the Plaintiffs in their individual capacities, but that Defendants had sufficient probable cause to sue ReMax. Accordingly, the analysis in *Jenkins* does not govern the analysis here.

The alternative criteria for determining whether a person is one who should be joined if feasible, under Rule 19(a)(2), requires the Court to examine the effect ReMax's absence will have on ReMax, as well as the Defendants. The Court is persuaded that a judgment in favor of the Defendants in this case *may* impair or impede ReMax's ability to recover if it were to sue the Defendants for malicious prosecution in state court under Rule 19(a)(2)(i). Although, for purposes of this analysis, it is unnecessary for the Court to make a definitive finding, the Court notes that the doctrines of res judicata and collateral estoppel may affect ReMax's ability to recover in a separate action. *See* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4406 (1981)[1]. As the Court has pointed out, the Plaintiffs and ReMax do not possess an identical claim. Courts have, however, applied claim preclusion to a corporation based on a prior action between the defendants and the corporation's owners. *See, e.g., Martino v. McDonald's System, Inc.,* 598 F.2d 1079, 1083 n. 7 (7th Cir.1979). Accordingly, the Court is of the opinion that ReMax is a person who should be joined if feasible[2].

■ The parties appear to agree that joinder of ReMax here will deprive the Court of subject matter jurisdiction because its joinder will destroy diversity among the parties. Accordingly, Rule 19(b) requires the Court to consider the four factors listed in the Rule in determining whether "in equity and good conscience" this action should proceed without ReMax.

The first factor requires the Court to consider the extent to which a judgment rendered in the absence of ReMax might be prejudicial to ReMax or to the Defendants. As noted above, ReMax, through the affidavit executed by Plaintiff McPherson, does not seek to pursue its claim against the Defendants. Consequently, even though the Court has found that a judgment for Defendants may impair ReMax's ability to pursue a separate claim, because ReMax professes no interest in pursuing that claim, the Court is not persuaded that a judgment would prejudice the corporation.

Defendants argue that they will be prejudiced by ReMax's absence, however, because ReMax, not being bound by a judgment here, may file a separate malicious prosecution suit against them in state court. As noted above, however, there is a strong possibility that the Defendants could successfully assert the doctrines of res judicata or collateral estoppel as a defense to a subsequent attempt by ReMax to relitigate this matter. *See Bonnet v. Trustees of Schools of Township 41 N.,* 563 F.2d 831, 833 (7th Cir.1977) (no prejudice to defendants shown where they would be able to invoke res judicata in a subsequent action against the person sought to be joined). Accordingly, application of the first factor weighs against the joinder of ReMax.

The second factor requires the Court to determine the extent to which prejudice can be lessened or avoided. Fed.R.Civ.P. 19(b)(2). As noted above, Plaintiffs have filed an affidavit indicating that ReMax disclaims any interest in this suit, that it has been advised by counsel that it does not have

---

1. Generally, under the traditional doctrine of res judicata or claim preclusion, a judgment on the merits in a prior suit bars the parties and those in privity with them from pursuing a second suit based on the same cause of action. 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §§ 4406, 4460 (1981). Collateral estoppel or issue preclusion generally makes conclusive in subsequent litigation a determination of any issue actually contested and decided in a way necessary to the judgment in a prior action. *Id.* § 4416.

2. Therefore, the Court finds it unnecessary to address whether Defendants will be subject to a substantial risk of incurring multiple obligations under Rule 19(a)(2)(ii).

a valid malicious prosecution claim, that all litigation expenses were paid by the individual Plaintiffs or by ReMax with funds that would have been distributed to Plaintiffs, and that the individual Plaintiffs incurred the same loss of business revenue as would have been attributed to ReMax. Although enforceability of the affidavit may be debated, the Court regards it as evidence which tends to minimize the prejudice to the Defendants.[3] *See Erbamont, Inc. v. Cetus Corp.,* 720 F.Supp. 387, 395 (D.Del.1989) (court finds that affidavits by persons sought to be joined agreeing to be bound by judgment, and stating that they would not bring a separate suit against the defendants, minimized prejudice to the defendants).

Defendants also argue that they will be prejudiced because the information necessary to "make the proper findings for relief" will be unavailable to the Court unless ReMax is made a party. As explained above, the Plaintiffs bear the burden of proving that the damages claimed were suffered by them. They shall not be allowed to recover damages attributable only to the corporation. To the extent Defendants are concerned about their ability to obtain information relating to damages during discovery, they may, when a problem arises, move the Court for appropriate discovery and/or sanctions. *See* Fed. R.Civ.P. 37. The Court shall allow liberal discovery of ReMax, as necessary. This should reduce any potential prejudice Defendants fear they will suffer if ReMax is not made a party. Therefore, application of the second factor weighs against joinder of Re-Max.

The third factor requires the Court to determine whether a judgment rendered in the absence of ReMax will be adequate. Fed.R.Civ.P. 19(b)(3). In other words, the Court must consider whether the relief the Court might ultimately grant to Plaintiffs be an adequate remedy for the alleged wrong, or whether it will leave them only partially compensated, which may lead to further litigation. *See Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 111–13, 88 S.Ct. 733, 739, 19 L.Ed.2d 936 (1968). As

discussed above, the Plaintiffs seek only monetary damages from the Defendants. Obtaining that relief from the Defendants does not require joinder of ReMax. Thus, application of the third factor weighs against joinder of ReMax.

The fourth factor is whether Plaintiffs will have an adequate remedy if this action is dismissed. Fed.R.Civ.P. 19(b)(4). This factor weighs in favor of the Defendants given that the Court sees no reason why the Plaintiffs could not bring this action in state court.

This factor alone, however, does not provide a sufficient reason for determining that this action should not proceed with the parties before the Court. The other three factors weigh in favor of proceeding without ReMax. Therefore, having considered all the factors listed in Rule 19(b), the Court is of the opinion that ReMax is not an indispensable party whose absence requires dismissal of this action. Accordingly, the Court DENIES Defendants' Motion to Dismiss.

It is so ORDERED.

---

**3.** The Court is expressly relying on the affidavit of Plaintiff Howard McPherson, on behalf of Re-Max, as a basis for its decision. In the event that ReMax, or Mr. McPherson, take action contrary to the affidavit, such as a malicious prosecution suit by ReMax against Defendants, this Court will entertain appropriate sanctions motions by Defendants, as necessary.