MURDOCK, Justice
(concurring specially).
Our cases well establish that an appellate court “may affirm a trial court’s judgment on ‘any valid legal ground presented by the record.’ ” General Motors Corp. v. Stokes Chevrolet, Inc., 885 So.2d 119, 124 (Ala.2003) (quoting Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003) (emphasis added)); see also Spencer v. Malone Freight Lines, Inc., 292 Ala. 582, 589, 298 So.2d 20, 25 (1974) (quoting with approval from 5 C.J.S. Appeal and Error § 1464(4) as follows: “ ‘An appellate court.... may consider any other legal ground or valid reason for the judgment and affirm the' judgment where it is correct on any legal ground, even though the ground or reason stated by the lower court is erroneous.’ ” (emphasis ' added)).
In Pavilion Development, L.L.C. v. JBJ P’ship, 979 So.2d 24 (Ala.2007), Justice Lyons dissented. Pavilion Dev., L.L.C., 979 So.2d at 44 (Lyons, J., dissenting). He did so based on his proposal that, under Fogarty v. Southworth, 953 So.2d 1225 (Ala.2006), every ground that was asserted by the prevailing party in the trial court, i.e., by the appellee, and that ultimately is considered by a majority of the judges or justices of the appellate court not to be “frivolous,” must be raised and defeated in the appellant’s initial brief on appeal, else the appellant automatically loses the appeal because of a supposed “waiver” of any contest of the omitted ground. Six Justices concurring in the analysis of the main opinion, and a seventh Justice concurring in the result, indicated, among other things, an unwillingness to depart from the aforesaid central tenet of appellate review that an appellate court may affirm a trial court on any valid legal ground. Pavilion Dev., L.L.C.; Pavilion Dev., L.L.C., 979 So.2d at 37 (See, J., concurring specially); Pavilion Dev., L.L.C., 979 So.2d at 41 (Murdock, J., concurring specially).
In the present case, a question exists regarding the “validity” of Troy and Kaci Rogers Moore’s negligence and wantonness claims in the face of the invocation by James Shankles of a defense based on this Court’s holding in Foremost Insurance Co. v. Parham, 693 So.2d 409, 417 (Ala.1997). Nonetheless, I concur in denying certiorari review because Shankles, the petitioner, raises no issue as to the manner in which the Court of Civil Appeals invokes Fogarty to find a “wavier” by the defendant of the Foremost issue as it relates to those .particular claims.